MINER, Judge.
Defendant, Johnny Tenon, appeals from his conviction for cocaine possession, assigning as error the trial court’s denial of his challenge for cause directed to a prospective juror during voir dire examination and the denial of his motion for mistrial based upon the prosecutor’s alleged discriminatory use of peremptory challenges. In view of our disposition of the first point raised, we do not reach the trial court’s denial of defendant’s motion for mistrial. *383 During the jury selection phase of defendant’s trial, the record reflects that two potential jurors expressed strong reservations about their ability to judge the case impartially because of their feelings about illicit drugs. In response to a general question directed by defense counsel to prospective jurors, venireman Baccash replied that he thought that “cocaine, crack and marijuana is wrong in our society.” Thereafter, the following colloquy occurred between Baccash and defense counsel, Mr. Rosner:
Mr. Rosner: This case involves cocaine, crack cocaine. Do you feel like you can put aside your feelings about cocaine, crack cocaine and judge this case based on the testimony and the instructions that the court will give you?
Mr. Baccash: I can’t give you an honest answer because it might slip back in. Mr. Rosner: In other words, you’re not sure if the court were to instruct you that you should put aside your feelings of bias and sympathy?
Mr. Baccash: I could say yes, and try to do it, but I couldn’t really honestly say it. Prospective juror Owings answered next: Ms. Owings: I feel the same way. I think I would be biased.
Mr. Rosner: You think you would be biased?
Ms. Owings: Yes.
Mr. Rosner: If the court were to tell you that you should put aside your feelings of bias, or prejudice, or sympathy and judge the case on the facts and the court’s instructions to you, do you think you would have some problems following the court’s instructions on that?
Ms. Owings: Yes.
Thereafter, without delving further into their feelings about drugs, the trial judge asked potential jurors Baccash and Owings if they could “follow the law” notwithstanding these feelings. Each responded in the affirmative. During a chambers conference which followed this exchange, defense counsel moved to challenge Mr. Baccash for cause based upon his initial indication of potential bias. The court denied a challenge for cause which necessitated counsel’s use of a peremptory challenge. The state then challenged Ms. Owings for cause. Before considering this challenge, the judge went back into the courtroom and again questioned Ms. Owings. She reiterated that she would “try to be” fair and impartial but .reminded the court of her previously expressed bias. Based on this response, the court granted the state’s challenge for cause.
Before the jury was selected, defense counsel requested an additional peremptory challenge, explaining that he had been required to use all his peremptory challenges, including one on Mr. Baccash. The court denied the request, a jury was selected and sworn, the defendant was convicted and this appeal ensued.
Appellant argues that the initial identical responses of potential jurors Baccash and Owings to questions seeking to reveal bias and prejudice established a reasonable doubt as to their ability to render an impartial verdict. He reasons that their earlier equivocation in responding to the questions asked was at least as credible as their later statements that they could “follow the law”. He concludes that denial of his motion to strike Mr. Baccash from the jury panel for cause was reversible error because sufficient grounds existed for such a challenge. We agree and reverse.
In Lusk v. State, 446 So.2d 1038, 1041 (Fla.1984), the Florida Supreme Court set out the test for juror competency:
The test for determining juror competence is whether the juror can lay aside any bias or prejudice and render his verdict solely upon the evidence presented and the instructions on the law given to him by the court.
In Hill v. State, 477 So.2d 553 (Fla.1985), the Supreme Court held that, in applying the Lusk test, trial courts must utilize the rule laid down in Singer v. State, 109 So.2d 7 (Fla.1959):
If there is a basis for any reasonable doubt as to any jurors possessing that state of mind which will enable him to render an impartial verdict based solely on the evidence submitted and the law announced at the trial, he should be ex *384 cused on motion of a party, or by the court on it’s own motion.
A juror’s competency to judge fairly and impartially is a mixed question of law and fact and a ruling by the trial court on the matter should not be disturbed unless the error is manifest. Singer v. State, supra. However, manifest, reversible error occurs when the trial court fails to follow the Singer rule thereby abridging a party’s right to peremptory challenges by reducing the number of those challenges available to him. Otherwise stated, it is reversible error for a trial court to force a party to use peremptory challenges on persons who should have been excused for cause provided the party subsequently exhausts all of his or her peremptory challenges and an additional challenge is sought and denied. Hill v. State, supra; Leon v. State, 396 So.2d 203 (Fla. 3rd DCA 1981). However, a trial court’s refusal to excuse a prospective juror for cause, even if error, will not be reversed unless the challenging party exhausts all his peremptory challenges. Nibert v. State, 508 So.2d 1 (Fla.1987).
Even though we reverse defendant’s conviction in this case, we do not hold or mean to imply that a prospective juror who expresses initial misgivings about his ability to judge the case fairly and impartially cannot, through appropriate further inquiry, be found to be free of some disqual-ifing influence. Such inquiry should be governed by the nature of the venireman’s expressed feelings. If, for example, a prospective juror should respond to the question “Do you know of any reason why you could not sit as a fair and impartial juror in this case?” with “I know the defendant and I wouldn’t put anything past him!” it is highly likely that no amount of further inquiry will change that type of mind set. Clearly, this venireman should be excused for cause on proper motion or on the court’s own motion.
Not quite so easy of resolution is that instance where a potential juror expresses a tentative belief in the guilt or innocence of the person on trial based on extensive media coverage or “street talk”. However, a thoughtful inquiry by the court may or may not result in that juror’s meeting the impartiality test set out in Singer and reaffirmed in Hill.
Probably the prospective juror most likely to be rehabilitated by appropriate further inquiry by the court is that person who, as in this case, expresses strong feelings about the nature of the crime charged rather than the person on trial. The focus of his concern is the crime itself rather than the defendant. Any further inquiry of this venireman should seek to redirect his attention back to the “him” or “her” and away from the “it”.
It must be remembered that prospective jurors, as a rule, have only passing acquaintance with the immutable concepts that govern the conduct of criminal trials. Those who toil in that vineyard day in and day out presumably have an in-depth understanding of “reasonable doubt”, “circumstantial evidence”, “presumption of innocence”, “burden of proof” and the like and tend to assume that other people are possessed of that same understanding. Such is not necessarily so. Before lay citizens can reasonably be asked if they will “follow the law”, they must be given at least a thumbnail word sketch, in understandable terms, of the law they will be instructed to follow if they actually serve as jurors. The type of inquiry we envision should also include explication of the juror’s role in the context of the overall trial and how it relates to the roles of the other participants. The responsibilities of the various participants in the process should also be explained.
With respect to an equivocating potential juror, if, after appropriate additional inquiry and explanation, the venireman’s post-inquiry responses, considered in light of his earlier expressions, do not persuade the court beyond a reasonable doubt that he could be fair and impartial, he should be excused for cause either upon motion by a party or upon the court’s own motion. If the court is satisfied beyond a reasonable doubt that the prospective juror meets the Singer/Hill test, he should so state on the record. Such a determination, one way or *385 the other, will not be overturned on appeal unless error is manifest.
Turning now to the case at hand, we observe that the state contends that the trial court did not err in refusing to strike prospective juror Baccash for cause because he stated unequivocally that he could follow and apply the law fairly and impartially. We do not find this argument persuasive because it is, in our view, grounded on a faulty premise. We reject the reasoning which suggests that one who acknowledges the presence of bias or prejudice in his mind at a given moment in time can, a few moments later after perfunctory, generic questioning, declare his mind then free of such tainting influence. Prospective juror Baccash’s “unequivocal” statement seems to us as much the product of an understandable inability to admit incapacity to judge fairly and impartially as it is of some bias-cleansing change of heart or mind. We can only speculate whether or not more in-depth inquiry by the court would have produced responses such as would overcome his earlier expression of bias.
In sum, we find it was error not to excuse prospective juror Baccash for cause as was done in the case of potential juror Owings. The trial court failed to follow the Singer rule by finding beyond a reasonable doubt that Mr. Baccash could be fair and impartial notwithstanding his expressed doubts or excusing him for cause. The error complained of was not harmless because defendant exhausted his peremptory challenges and was denied an additional peremptory challenge to replace that exercised on Mr. Baccash.
Accordingly, the defendant’s conviction is reversed and the cause remanded for further proceedings consistent with this opinion.
NIMMONS and BARFIELD, JJ., concur.