FARMER, Judge.
Appellant was charged with aggravated battery. The victim of the battery testified that appellant was drunk, the arresting officer testified that appellant was drunk (under the influence), and appellant himself testified that he had had at least six beers and some wine before the altercation. Nevertheless the trial court refused to give a requested jury instruction of voluntary intoxication as a defense to the charge of aggravated battery.
We reverse for a new trial. It is settled that voluntary intoxication is a valid defense to the specific intent crime of aggravated battery. Cirack v. State, 201 So.2d 706 (Fla.1967); and State v. Horvatch, 413 So.2d 469 (Fla. 4th DCA 1982). It is thus reversible error for the trial court *1230 not to instruct the jury on the effects of voluntary intoxication when there is, as here, evidence in the record tending to prove such intoxication. Linehan v. State, 476 So.2d 1262 (Fla.1985).
We think that the amount of alcohol consumed by appellant, as well as the testimony of the victim and arresting officer, together with the recency of the consumption, might reasonably be construed by a jury as proof that appellant was intoxicated. See Gardner v. State, 480 So.2d 91 (Fla.1985).
REVERSED WITH DIRECTIONS.
GLICKSTEIN, C.J., and STREITFELD, JEFFREY E., Associate Judge, concur.