669 So.2d 1079 (1996)
Paul HUBER, Appellant,
v.
STATE of Florida, Appellee.
No. 94-2585.
District Court of Appeal of Florida, Fourth District.
March 13, 1996.
*1080 Richard L. Jorandby, Public Defender, and Tanja Ostpoff, Assistant Public Defender, West Palm Beach, for appellant.
Robert Butterworth, Attorney General, Tallahassee, and Aubin Wade Robinson, Assistant Attorney General, West Palm Beach, for appellee.
SHAHOOD, Judge.
The defendant was convicted of sexual battery and aggravated battery. We have considered the four issues he raised in this appeal and find merit in only two of them. *1081 Because we agree with the defendant that error occurred when the trial court denied his motions to strike three members of the jury panel for cause, as well as when the trial judge denied his request to have the jury instructed on the defense of intoxication, we reverse and remand.
Section 913.03, Florida Statutes (1993), sets out the grounds for challenge for cause in a criminal trial. The only one of these grounds that is pertinent to our inquiry here is:
(10) the juror has a state of mind regarding the defendant, the case, the person alleged to have been injured by the offense charged, or the person on whose complaint the prosecution was instituted that will prevent him from acting with impartiality, but the formation of an opinion or impression regarding the guilt or innocence of the defendant shall not be a sufficient ground for challenge to a juror if he declares and the court determines that he can render an impartial verdict according to the evidence.
The test is "whether the juror can lay aside any bias or prejudice and render his [or her] verdict solely upon the evidence presented and the instructions on the law given to him by the court." Lusk v. State, 446 So.2d 1038, 1041 (Fla.), cert. denied, 469 U.S. 873, 105 S.Ct. 229, 83 L.Ed.2d 158 (1984).
Turning to the facts of our case, the first prospective juror with whom the defendant takes issue is Mr. Kethman. The questioning of Mr. Kethman went as follows:
COURT: Okay. Mr. Kethman, let me ask you, can you look at the Defendant as he sits here today and presume him to be innocent of the charge?
MR. KETHMAN: No.
COURT: Why not? Do you believe because he is here
MR. KETHMAN: I had a lot of children and I would be prejudiced that way.
COURT: Okay. Just because he is a Defendant in a criminal case?
MR. KETHMAN: Right, with that type of
COURT: Now, you indicated a moment ago that you could follow my instructions on what the law is. Okay. If I told you that you have to presume the Defendant, as he sits before you now, to be innocent of the charge, would you have a problem with that?
MR. KETHMAN: No.
We believe that it is arguable whether this juror really changed his mind on the presumption of innocence question, or whether he just gave "the formal assurances [the court] so obviously sought." See Montozzi v. State, 633 So.2d 563, 564 (Fla. 4th DCA 1994). This court has held that it is error not to grant a challenge for cause when there is a basis for any reasonable doubt as to the juror's ability to render an impartial verdict, and that close cases should be resolved in favor of excusing the juror rather than leaving doubt. Longshore v. Fronrath Chevrolet, Inc., 527 So.2d 922 (Fla. 4th DCA 1988). Further, when a juror admits that he "probably" would be prejudiced, but says he "probably" could follow the judge's instructions, it is error for the trial judge to refuse to dismiss him for cause. Imbimbo v. State, 555 So.2d 954 (Fla. 4th DCA 1990). Finally, in Street v. State 592 So.2d 369, 372 (Fla. 4th DCA), rev. denied, 599 So.2d 658 (Fla.1992), we found it was error not to excuse for cause a juror whose responses "were sufficiently equivocal to raise a concern that reasonable people could differ as to whether [the juror] would have been able to lay aside any biases or prejudices and render a verdict solely on the evidence." Thus, on the above authority, it was error for the trial court in the case at bar to refuse to dismiss prospective juror Kethman for cause.
For the same reasons, we agree that a second juror, Mr. Stagliano, should also have been dismissed for cause based on the following exchange:
DEFENSE: Are these the words that you used. Let me follow that up. Do you believe that the fact that there has been an arrest made of my client is an indication that my client did something wrong?
MR. STAGLIANO: There's doubt in my mind, yeah, you know. I'm not saying he did, I'm not saying he didn't. I'm just saying, yeah, there's doubt in my mind.

*1082 DEFENSE: Now, there is doubt in your mind as to whether you can presume him a hundred percent to be innocent right now, is that what you're saying?
MR. STAGLIANO: Right.
. . . .
DEFENSE: Mr. Stagliano, do you think that you could follow a law that says that the State must prove its case beyond and to the exclusion of every reasonable doubt before a juror can consider finding a Defendant guilty?
MR. STAGLIANO: Yes.
Even though prospective juror Stagliano eventually said he would be able to follow the law and require the state to prove its case beyond a reasonable doubt, his original expression of doubt about his ability to presume the defendant innocent because he believes that police don't arrest innocent people is a basis for reasonable doubt that he might not be able to render an impartial verdict. This was not overcome by his subsequent capitulation and agreement that he would follow the law as given to him by the trial court, and it was error not to dismiss Mr. Stagliano for cause.
Finally, we also agree with defendant's contention that the trial court erred in failing to excuse Ms. Ascar for cause based upon her answers to questions about her feelings on intoxication as a defense:
MS. ASCAR: Well, I mean, I just feel like under the influence or not under the influence, you still have to be responsible, a responsible person, and you can't just commit a crime and just say, well, I was drunk, that's why I did it and just get away with it.
DEFENSE: All right. The same sixty-four thousand dollar question that I asked Miss Yaccarino I need to ask you, then. You heard the law that the Judge read?
MS. ASCAR: Yes.
DEFENSE: You know there's a possibility, and that's all, just a possibility that law might be given to you. Do you have concern at this time as to whether you would be able to fairly apply that law to the facts of the case if it was given to you? Do you have any apprehensions at all?
MS. ASCAR: I mean, I would hope not, but, I mean, in the back of your mind you never know.
When she was pressed about whether or not she could follow such an instruction, Ms. Ascar said:
MS. ASCAR: I think so. It depends on how it applies. I think so.
DEFENSE: When you say, it depends on how it applies, it's not really as unequivocal?
MS. ASCAR: Well, if it applies only as to whether or not they intended to do something and then acted upon a careful thought-out process, or whether if applies to, you know, if they did something horrendous and they think they could get off with it because they were intoxicated.
DEFENSE: Okay. The instruction that you heard read by Judge Lazarus, do you have any difficulties at all with that particular instruction, not whether it should be legal, just personal difficulties as to whether or not there is anything in your mind that would preclude you to fairly apply such an instruction?
MS. ASCAR: I don't think so. I don't think people should be allowed to run scott [sic] free if they take drugs or alcohol and do bodily harm to other people. If the law says that, you know, you have to look at the intent and the mental process of this, I think I could follow the instruction.
The exchange ended unsatisfactorily, as follows:
DEFENSE: Ma'am, would you absolutely be able to follow the intoxication defense instruction notwithstanding what results it might have with respect to where the accused goes after the trial?
MS. ASCAR: I think so.
DEFENSE: Can you guarantee it?
MS. ASCAR: I can't guarantee anything.
DEFENSE: Okay.
Ms. Ascar's answers showed that she had a prejudice that she very likely would not be able to put aside. Because alcohol figured prominently in the case, she was not competent to serve on this jury and the trial court erred in not dismissing her for cause. See *1083 Lavado v. State, 492 So.2d 1322 (Fla.1986) ("[i]f he knew nothing else about the prospective jurors, the single thing that defense counsel needed to know was whether the prospective jurors could fairly and impartially consider the defense of voluntary intoxication"); see also Tenon v. State, 545 So.2d 382 (Fla. 1st DCA 1989) (where trial involved charge of cocaine possession, it was error for trial court to refuse to dismiss for cause a juror who said that his bias against cocaine might "slip back in," even though he eventually said that he would follow the court's instructions on the law).
The above errors by the trial court led to the defendant's exhaustion of peremptory challenges, with the result that he could not strike another prospective juror whom he found objectionable because the trial court would not grant him an additional peremptory strike. This error was not harmless; therefore, we reverse and remand for a new trial.
For the benefit of the court on remand, we also address the defendant's contention that the trial judge erred in failing to give the requested standard jury instruction on the intoxication defense. Testimony established that the defendant had been drinking very heavily on the day the offenses occurred, that he had not eaten anything, and that he was intoxicated when he punched a hole in the bathroom door some time between 7:00 p.m. and 8:00 p.m. The sexual battery victim said she thought that the defendant was still intoxicated when he dragged her from her bed at midnight. The sole testimony to the contrary came from the defendant himself, who said that he was sober when he went back to the apartment to talk with the victim.
Following closing arguments, the defense attorney asked the judge if he would be giving the intoxication instruction. The judge refused, stating that he would not give the instruction because (1) the defendant himself had testified that he was "cold sober or words to those effects" and (2) the defendant had stated earlier that he did not want any special jury instructions.
Voluntary intoxication is a defense to the specific intent crime of aggravated battery. Cirack v. State, 201 So.2d 706 (Fla. 1967); Berry v. State, 586 So.2d 1229 (Fla. 4th DCA 1991). It is the duty of the trial court to give instructions covering the defendant's theory of the case if there is competent, substantial evidence to support it. Cronin v. State, 470 So.2d 802 (Fla. 4th DCA 1985). Furthermore, there is no requirement to file a standard jury instruction where it is requested on the record and the evidence supports it. Holley v. State, 423 So.2d 562 (Fla. 1st DCA 1982). Where, as here, the record contains evidence about the amount of alcohol consumed, as well as evidence that the defendant was intoxicated, it is error not to submit this question to the jury, even if the evidence did not convince the trial court that the defendant was intoxicated. Gardner v. State, 480 So.2d 91 (Fla. 1985).
REVERSED AND REMANDED.
GLICKSTEIN, J., and GRIFFIN, JACQUELINE R., Associate Judge, concur.