694 So.2d 847 (1997)
Kenneth AKINS, Appellant,
v.
STATE of Florida, Appellee.
No. 96-1142.
District Court of Appeal of Florida, Fourth District.
June 4, 1997.
Richard L. Jorandby, Public Defender, and Joseph R. Chloupek, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Sarah B. Mayer, Assistant Attorney General, West Palm Beach, for appellee.
GROSS, Judge.
Kenneth Akins appeals his conviction of first degree murder, aggravated burglary of a dwelling, and dealing in stolen property. He raises several issues on appeal; however, we address at length only whether reversal is mandated because the trial court denied a defense motion to excuse juror Kennedy for cause.
*848 During voir dire, defense counsel asked Kennedy whether Akins, as he sat in the courtroom that day, was guilty or not guilty. Kennedy responded that she did not know. When asked whether she could presume Akins to be innocent, she responded in the affirmative but added that she believed in capital punishment and stated that she was tired of everything being blamed on race, although she recognized that there is a race discrimination problem in this country. Kennedy stated that she had not heard anything about the case so she did not know whether Akins was innocent; she could not form an opinion without knowing more. Upon further questioning as to whether she had a problem with the presumption of innocence, Kennedy responded, "Well, Like the gentleman said where there's fire there's."
The defense moved to excuse Kennedy for cause because she could not accept the concept of the presumption of innocence. A colloquy followed during which Kennedy informed the court that she had read about the case in the newspaper. As to whether she had a problem with the presumption of innocence, Kennedy stated, "Well, I sort of feel like other people do that if they're here they're here for a reason." She initially stated that she did not know whether the newspaper stories about the case would affect her judgment, but then admitted that they might. Kennedy conceded that she would have difficulty accepting the concept that Akins was presumed innocent because she remembered the case being quite bad.
Under questioning by the prosecutor, Kennedy said that even though she would be upset if the state did not meet its burden of proof, she would still be able to follow the court's instructions and return a not guilty verdict. When the court asked Kennedy whether she could follow the law that the state must prove all elements of the charge beyond every reasonable doubt, and whether there was anything that would prevent her from giving Akins a fair and impartial trial, she responded that she could not say for sure.
The trial court then denied Akins's challenge for cause.
After exhausting its peremptory challenges, the defense moved for an additional peremptory challenge to excuse another juror which it had previously challenged for cause. The court granted the additional challenge. After the defense exhausted all its peremptory challenges, the state used two of its peremptory challenges to strike two jurors that the defense had unsuccessfully sought to dismiss for cause. The defense then requested another additional challenge to strike Kennedy. Kennedy was again questioned by the defense and stated that she "guessed" she had a problem with the presumption of innocence. Unlike her previous response to the court, Kennedy stated that she was able to follow the court's instruction that Akins was innocent until proven guilty beyond and to the exclusion of every reasonable doubt. The court again denied Akins's motion to excuse Kennedy, who ultimately served on the jury.
Both sides agreed on two alternate jurors. One of the alternate jurors had previously been peremptorily stricken by the state and the other by the defense.
Prior to the commencement of trial the following morning, the state suggested that Kennedy be removed from the jury and replaced by one of the alternate jurors, so that all jurors the defense had challenged for cause would have been excused. The trial court was willing to excuse Kennedy for the alternate juror to whom the defense had no prior objection. Defense counsel did not agree to the state's offer to excuse Kennedy, so the trial court declined to replace her with an alternate.
Akins's challenge for cause to juror Kennedy should have been granted. In evaluating a challenge for cause,
[t]he test for determining juror competency is whether the juror can lay aside any bias or prejudice and render a verdict solely upon the evidence presented and the instructions on the law given by the court. [citation omitted] In applying this test, if "any reasonable doubt exists as to whether a juror possesses the state of mind necessary to render an impartial recommendation as to punishment, the juror must be *849 excused for cause." Hill v. State, 477 So.2d 553, 556 (Fla.1985).
Bryant v. State, 656 So.2d 426, 428 (Fla. 1995); Huber v. State, 669 So.2d 1079 (Fla. 4th DCA 1996); Davis v. State, 656 So.2d 560, 561 (Fla. 4th DCA 1995).
In this case, juror Kennedy made several statements sufficient to call into question her ability to apply the presumption of innocence and render an impartial verdict. See Huber, 669 So.2d at 1082; Leon v. State, 396 So.2d 203, 205 (Fla. 3d DCA)(juror should have been excused where she did not know whether she could be fair and impartial, even though she ultimately stated that she could render an unbiased verdict), review denied, 407 So.2d 1106 (Fla.1981). Also, she was not sure that she could listen to the evidence free from the influence of the newspaper articles she had read about the case. See Smith v. State, 463 So.2d 542 (Fla. 5th DCA 1985). Even though Kennedy ultimately said that she could follow the court's instructions as to the burden of proof and presumption of innocence, all of her responses, when viewed together, were sufficiently equivocal to justify a challenge for cause. See Hamilton v. State, 547 So.2d 630, 632 (Fla.1989); Huber, 669 So.2d at 1081.
However, Akins waived his objection concerning Kennedy's presence on the jury when he declined the court's offer to excuse her and seat the alternate juror to whom the defense had raised no objection during jury selection. Where the "trial judge has extended counsel an opportunity to cure any error, and counsel fails to take advantage of the opportunity," the error is not preserved for appellate review. Sullivan v. State, 303 So.2d 632, 635 (Fla.1974), cert. denied, 428 U.S. 911, 96 S.Ct. 3226, 49 L.Ed.2d 1220 (1976); see Slaughter v. State, 585 So.2d 1087 (Fla. 3d DCA 1991); United States v. Fuentes-Coba, 738 F.2d 1191, 1198 (11th Cir.1984), cert. denied, 469 U.S. 1213, 105 S.Ct. 1186, 84 L.Ed.2d 333 (1985).
As to the remaining points on appeal, we find no error. Akins's colloquy with the court was more of a motion for continuance than the expression of a desire to discharge his attorney for incompetency, so that no inquiry was required under Nelson v. State, 274 So.2d 256, 258-59 (Fla. 4th DCA 1973)(approved by Hardwick v. State, 521 So.2d 1071, 1074-75 (Fla.), cert. denied, 488 U.S. 871, 109 S.Ct. 185, 102 L.Ed.2d 154 (1988)). The rulings of the predecessor judge were not binding on the trial court. See Weary v. State, 644 So.2d 156, 157 n. 3 (Fla. 4th DCA 1994); Strange v. State, 579 So.2d 859, 860 (Fla. 1st DCA), review denied, 591 So.2d 184 (Fla.1991). Since the autopsy photographs assisted the medical examiner in his explanation of the victim's wounds and the cause of death, the trial court did not abuse its discretion in admitting them. E.g., Walker v. State, 665 So.2d 1070, 1071 (Fla. 4th DCA 1995), review denied, 671 So.2d 789 (Fla.1996).
AFFIRMED.
WARNER and POLEN, JJ., concur.