718 So.2d 920 (1998)
Yvonne LOWE, Appellant,
v.
STATE of Florida, Appellee.
No. 97-3775.
District Court of Appeal of Florida, Fourth District.
October 1, 1998.
*921 Richard L. Jorandby, Public Defender, and Joseph R. Chloupek, Assistant Public Defender, West Palm Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Joseph A. Tringali, Assistant Attorney General, West Palm Beach, for Appellee.
FARMER, Judge.
We reverse and remand for a new trial because the trial judge abused his discretion in failing to excuse a juror for cause. This error was aggravated by the trial judge's unwarranted and inappropriate attacks on defense counsel beginning during voir dire and continuing throughout the trial.
The juror in question revealed an undeniable misunderstanding of the presumption of innocence. He stated several times that the defense would have to refute the charges; that this is the only way he would find appellant not guilty; and that he would "definitely" find her guilty if the defense failed to meet this burden. This misconception of the presumption of innocence was intensified by his professed confidence that the state would present a sufficient case of guilte.g., "I don't think the State would come to this point right now unless they had a case to present."[1]
We have previously made clear the legal standard in assessing excusal of prospective jurors for cause:
"[t]his court applies a `reasonable doubt' standard to juror disqualification questions: i.e., if there is a reasonable doubt about a juror's impartiality, then the juror should be dismissed for cause."
Montozzi v. State, 633 So.2d 563, 565 (Fla. 4th DCA 1994); see also Moore v. State, 525 So.2d 870, 872 (Fla.1988); Hill v. State, 477 So.2d 553, 556 (Fla.1985); Singer v. State, 109 So.2d 7, 23-24 (Fla.1959); Akins v. State, 694 So.2d 847, 848-49 (Fla. 4th DCA 1997) ("if `any reasonable doubt exists as to whether a juror possesses the state of mind necessary to render an impartial recommendation as to punishment, the juror must be excused for cause.'"); Williams v. State, 638 So.2d 976, 978 (Fla. 4th DCA 1994) ("Because impartiality of the finders of fact is an absolute prerequisite to our system of justice, we have adhered to the proposition that close cases involving challenges to the impartiality of potential jurors should be resolved in favor of excusing the juror rather than leaving doubt as to impartiality."), review granted, 648 So.2d 724 (Fla.1994), review denied, 654 So.2d 920 (Fla.1995); Chapman v. State, 593 So.2d 605, 606 (Fla. 4th DCA 1992) ("It appears that the legal standard to be applied in this situation is whether there is a reasonable doubt about the ability of the juror to decide the case fairly and impartially."); Longshore v. Fronrath Chevrolet Inc., 527 So.2d 922, 923 (Fla. 4th DCA 1988) ("Close cases involving challenge to the impartiality of potential *922 jurors should be resolved in favor of excusing the juror rather than leaving doubt as to his or her impartiality."); Sydleman v. Benson, 463 So.2d 533, 533 (Fla. 4th DCA 1985) ("Close cases should be resolved in favor of excusing the juror rather than leaving a doubt as to his or her impartiality."). By any logic or reason, the responses of this juror raise a considerable doubt as to his impartiality.
The State relies upon Padilla v. State, 618 So.2d 165 (Fla.1993), and Valle v. State, 566 So.2d 1386 (Fla. 3d DCA 1990), for an alleged categorical proposition that a trial court does not commit "manifest error" when it refuses to excuse a prospective juror who first reveals a partiality or bias but later says that he could follow the law. Neither opinion contains any description of the initial comments of the jurors. The court in each case, however, indicated that an examination of the entire record showed no abuse of discretion. Thus, these decisions are based on the particular facts in each and clearly do not purport to apply a broad rule that initial statements showing bias are always erasable by mere incantations of a promise to follow the law. Moreover, in each the error was not sufficiently preserved.
The cases have held that it is manifest error to retain a juror who has stated that he would require a defendant to present some evidence of innocence. See, e.g., Hamilton v. State, 547 So.2d 630, 632-33 (Fla.1989) (error to refuse to strike juror who required defendant to introduce evidence of innocence even though juror later stated she could follow law); Powell v. State, 131 Fla. 254, 262, 175 So. 213, 216 (1937) ("The accused, guilty or innocent, is entitled to the presumption of innocence in the mind of every juror until every element of the offense charged against him has been proved by competent evidence adduced upon the trial beyond a reasonable doubt. This is not accomplished when a juror is taken upon a trial whose mind is in such condition that the accused must produce evidence of his innocence to avoid a conviction at the hands of that juror."); Diaz v. State, 608 So.2d 888, 889 (Fla. 3d DCA 1992) (court should have excused for cause juror who failed to retract or modify her views that defendant was required to present at least some evidence at trial to prove that he was innocent); Gibson v. State, 534 So.2d 1231, 1232 (Fla. 3d DCA 1988) (juror who indicated that she would require defendant to testify in order to find him not guilty, because "I feel if they are innocent, they can tell their side of the story to the judge," should have been excused for cause).
Especially apt is Huber v. State, 669 So.2d 1079 (Fla. 4th DCA 1996). There the juror initially doubted that he could presume the defendant innocent because, to him, the fact that the defendant was arrested was an indication of guilt. 669 So.2d at 1081-82. Even though the juror later stated that he could follow the law requiring the state to prove the defendant guilty beyond a reasonable doubt, we concluded as a matter of law that the juror should have been excused for cause, saying:
"Even though the prospective juror ... eventually said he would be able to follow the law and require the state to prove its case beyond a reasonable doubt, his original expression of doubt about his ability to presume the defendant innocent because he believes that police don't arrest innocent people is a basis for reasonable doubt that he might not be able to render an impartial verdict. This was not overcome by his subsequent capitulation and agreement that he would follow the law as given to him by the trial court, and it was error not to dismiss Mr. Stagliano for cause.
669 So.2d at 1082.
The argument for reversal in this case is just as strong as in Huber, if not more so. This juror's misconceptions concerning the burden of proof are just as prejudicial as there. This juror viewed the trial itself as an indication of guilt, a further misconception of the belief in Huber that the mere fact of an arrest is indicative of guilt. This juror's single statement that he would acquit if the state presented insufficient evidence was tortuously teased from him only by the most pointed of leading questions. Even if it had been spontaneous, after his repeated assertions imposing on the defendant some burden to erase any idea of guilt, this single statement could not possibly evidence the correction *923 or elimination of a view so resolutely held and repeatedly stated.
The erroneous ruling in failing to remove this juror was exacerbated by the trial judge's own repeatedly demonstrated misunderstanding of voir dire examination by defense counsel. It is obvious that the trial judge believed that counsel was limited to asking only "yes or no" questions relating to broad principlese.g., "Do you understand that the defendant is presumed innocent?" He plainly felt that counsel was precluded from exploring a juror's perceptions and beliefs by attempting to elicit narrative answers to more specific questions. We conclude that the voir dire questions by defendant's lawyer were generally proper and that it was error to exclude them. If voir dire examination of jurors is to have any meaning, counsel must be allowed to probe attitudes, beliefs and philosophies for the hidden biases and prejudices designed to be elicited by such examination. The failure to allow such questioning is an abuse of discretion, just as surely as if the trial judge had simply announced, e.g., that he would permit only perfunctory examination about general topics such as patriotism.
REVERSED FOR NEW TRIAL.
STEVENSON and GROSS, JJ., concur.
NOTES
[1] There is no question that the error was preserved for appellate review in the manner required by Trotter v. State, 576 So.2d 691 (Fla. 1990).