ON MOTION FOR REHEARING

KLEIN, J.
We grant the State’s motion for rehearing, withdraw our original opinion which was filed on October 3, 2001, and substitute the following opinion.
Appellant’s convictions of first degree murder, burglary of a dwelling with a deadly weapon, and dealing in stolen property were affirmed in Akins v. State, 694 So.2d 847 (Fla. 4th DCA), dismissed, 705 So.2d 7 (Fla.1997). He then moved for post-conviction relief, alleging, among other things, that his trial counsel was ineffec *491 tive because he allowed a biased juror to sit. Although the trial court found counsel deficient, the court denied relief because appellant did not demonstrate prejudice. We affirm.
In his trial appellant challenged a juror for cause because her answers indicated that she would have trouble applying the presumption of innocence and that she may have been influenced by what she had read about the case in the newspaper. The trial court denied the challenge for cause, but the next day the state suggested that the juror should be removed and replaced by one of the alternates. At this point, the jury with two alternates had been sworn, and the remaining prospective jurors had been released.
The court was willing to replace the challenged juror with one of the alternates, if both the state and the defense agreed. Defense counsel, however, argued that if the court had allowed this challenge for cause when he made it, the pool of prospective jurors would have been available to replace the challenged juror. Under the present circumstances he was not agreeable to replacing the challenged juror with an alternate.
Appellant was convicted, and, on direct appeal, we concluded that the juror should have been removed when challenged for cause, but that appellant had waived the issue when he rejected the opportunity to have the juror replaced with one of the alternates.
After we affirmed, appellant moved for post-conviction relief arguing that his counsel was ineffective for failing to preserve the issue of the challenge. Appellant’s original trial counsel could not be located to testify at the hearing on appellant’s motion for post-conviction relief; however, the prosecutor in the trial had overheard what had transpired between attorney and client and had written it down. He testified that, after the trial court offered to replace the biased juror with one of the alternates, .defense counsel asked appellant whether appellant wanted “to have potentially an issue on appeal, or do you want potentially a better juror.” Appellant responded that he wanted an issue on appeal. His counsel then rejected the offer. Appellant testified at the hearing that it was his counsel who accepted the panel, not appellant, and that he did not understand what an issue on appeal was at the time of trial.
Generally, under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), in order to prevail on a claim of ineffective assistance of counsel, defendant must establish: (1) counsel made errors so serious that counsel is not functioning as counsel guaranteed by the sixth amendment; and (2) the deficient performance prejudiced the defense. In the present case the trial court found that counsel was deficient in regard to the biased juror, satisfying the first prong of the test, but that appellant did not demonstrate prejudice, i.e., that the result of the proceeding would have been different. Id. at 694, 104 S.Ct. 2052. The finding of deficiency was based on our opinion in appellant’s direct appeal holding that the issue had been waived.
Our review of the pertinent portion of the transcript of the original trial leads us to the conclusion that trial counsel’s decision to reject the offer of an alternate juror was a reasonable tactical decision under the circumstances, or, as the Strickland court put it “sound trial strategy,” which precludes postconviction relief. Strickland, 466 U.S. at 689, 104 S.Ct. 2052. Judicial scrutiny on postcon-viction relief of trial counsel’s performance “must be highly deferential.” Roe v. Flores-Ortega, 528 U.S. 470, 477, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000).
As we noted earlier, when the prosecutor suggested that this juror should have *492 been stricken for cause, the jury had already been sworn, and the pool of prospective jurors had been released. Appellant’s choice was, accordingly, limited to having this juror replaced by one of the alternates. Defense counsel’s position, stated on the record, was that his client could not be put back in the same position as if the court had ruled correctly the first time, and accordingly he would not agree.
This was a tactical decision, a calculated risk that this court would hold that the offer to replace this juror with an alternate would not cure the error. Although this court found a waiver, rejecting the offer of the alternate was a risk worth taking in a case in which the evidence was overwhelming that appellant had stabbed a man to death in order to steal a radio. The trial court accordingly erred in concluding that our finding a waiver meant defense counsel was deficient.
We have considered the other issues raised and find them to be without merit. Affirmed.
WARNER and FARMER, JJ„ concur.