847 So.2d 1077 (2003)
Gabriel M. MATALON, Appellant,
v.
Terrell G. LEE, Appellee.
Nos. 4D01-3800, 4D01-4102.
District Court of Appeal of Florida, Fourth District.
June 11, 2003.
*1078 Robert I. Buchsbaum of Kramer, Green, Zuckerman, Greene & Buchsbaum, P.A., Hollywood, for Appellant/Cross-Appellee.
Patrick B. Flanagan of Flanagan, Maniotis, Berger & Ryan, P.A., West Palm Beach, for Appellee/Cross-Appellant.
POLEN, C.J.
Gabriel Matalon timely appeals a jury verdict awarding Terrell Lee compensatory and punitive damages arising from an automobile accident. We find all points raised in the direct appeal unpersuasive and affirm.
According to Lee's complaint filed in Palm Beach Circuit Court, he was driving northbound on 1-95 in Jupiter in the morning hours of Sunday, March 21, 1999, when his car was rear-ended by Matalon's. He suffered an injury to his neck and sued Matalon for damages, both compensatory and punitive. Matalon initially challenged the venue of the action. Then, on March 21, 2000, Matalon was deposed by Lee's counsel. He testified he had been involved in a low speed front-to-front collision with Lee in Miami Beach, and that Lee had fled the scene of the accident.
A few months later, Matalon, now represented by substitute counsel, stipulated to the venue of the proceeding, in effect conceding the accident had actually occurred in Jupiter, and not Miami. Matalon also admitted he had been negligent; however, the issues of causation, damages, and punitive damages, would be tried by jury. Lee was allowed, over objection, to publish Matalon's deposition to the jury as part of his case-in-chief. Matalon was then called as an adverse witness. He asserted his *1079 rights under the Fifth Amendment[1] and refused to answer any questions regarding the events that had occurred on the night/early morning of the accident.
Lee testified he was driving home in the center lane of 1-95 on Sunday morning, March 21, 1999, when he felt something smash into the rear-end of his car. His car was turned sideways by the impact and he saw the vehicle that had struck his car pull up alongside him in the outside lane. Lee got out of his vehicle; the driver, later identified as Matalon, and another man approached him. They checked out the damage to the back of Lee's car. Matalon then told him he had to go to his car to get his information. He then fled the scene. Lee wrote down a partial license plate number, which was later used to identify Matalon as the owner of the vehicle. Lee then drove himself to Jupiter Hospital. He had to undergo cervical disk fusion surgery in June of 2000 and now lives with five screws and a titanium plate in his neck.
Matalon moved for a directed verdict on the count for punitive damages, alleging there was insufficient evidence he had been intoxicated at the time of the accident, which was denied. The jury returned a verdict in Lee's favor. He was awarded a total of $838,922.00 in damages, $13,500 of which represented punitive damages. Matalon's post-judgment motion for new trial and/or remittitur was denied.
Matalon first contends the trial court committed error by allowing the admission of his deposition in Lee's case-in-chief. We disagree. Florida Rule of Civil Procedure 1.330(a)(2) provides:
The deposition of a party ... may be used by an adverse party for any purpose.
(Emphasis supplied.) Since Matalon was a party to this case, Lee, the adverse party, could use Matalon's deposition for any purpose, including as part of his case-in-chief. Matalon's contention that Lee should have been restricted to using the deposition for impeachment purposes misconstrues the law as it applies to party depositions. See LaTorre v. First Baptist Church of Ojus, Inc., 498 So.2d 455, 457-58 (Fla. 3d DCA 1986)(trial court erred in refusing to allow plaintiff to introduce defendant's deposition in his case-in-chief, instead requiring the plaintiff to call the defendant as an adverse witness and then use portions of the deposition as impeachment of prior inconsistent statements; a party is entitled to use the deposition testimony of an adverse party "without being exposed to the witness's evasiveness and other self-serving devices"); Canales v. Compania de Vapores Realma, S.A., 564 So.2d 1212 (Fla. 3d DCA 1990); Policastro v. Myers, 420 So.2d 324 (Fla. 4th DCA 1982). The fact that Matalon stipulated to negligence (and venue) does not act as a bar to Lee's usage of Matalon's deposition testimony. The deposition testimony of Matalon, a party, was still relevant where causation, damages, and punitive damages arising from Matalon's conduct were at issue, and Lee was entitled to put that testimony before the jury.
Matalon further contends the trial court erred in denying his motion for a directed verdict on the punitive damages count. We disagree. A jury may award punitive damages where voluntary intoxication is involved in an automobile accident. See D'Amario v. Ford Motor Co., 806 So.2d 424, 438-39 (Fla.2001); § 786.72, *1080 Fla. Stat. (1997). Although there was no direct proof of intoxication on Matalon's behalf (in no small part due to the fact that Matalon fled the scene of the accident), there was a wealth of circumstantial evidence of intoxication on Matalon's behalf, including evidence that he had spent 7-8 hours in two bars on the night of the accident, his admission he had drunk "a beer or two and a sip of champagne," the fact he had driven over 80 miles in the wrong direction leading up to the accident, the fact he had rear-ended a vehicle in the middle lane of 1-95 during daylight hours and clear weather, and the fact that he fled the scene of the accident and had not contacted the police. We conclude that this body of circumstantial evidence is sufficient for jury resolution as to whether Matalon was intoxicated.[2]See, e.g., Naumowicz v. State, 562 So.2d 710 (Fla. 1st DCA 1990)(holding there was sufficient competent evidence to send circumstantial evidence prosecution for driving under influence manslaughter to jury). Lee did not indulge in an improper "stacking of inferences." Cf. Publix Super Markets v. Schmidt, 509 So.2d 977 (Fla. 4th DCA 1987). Rather Lee introduced a number of facts from which one inference was to be inferredthat Matalon had been voluntarily intoxicated at the time of the accident. Furthermore, we find no error in the instructions as read to the jury relating to the punitive damages claim.
While we find some comments made in closing by Lee's counsel may have waded into the territory of improper argument, specifically improper appeals to the jury's emotions, we find none of the comments in particular, or taken as a whole, were so prejudicial as to mandate reversal. See Knoizen v. Bruegger, 713 So.2d 1071 (Fla. 5th DCA 1998).
Finally, we hold the trial court did not abuse its broad discretion in denying Matalon's motion for remittitur and/or new trial. See generally Brown v. Estate of Stuckey, 749 So.2d 490 (Fla.1999)(trial judge is not to substitute his or her own verdict for that of the jury, but to avoid what, in the judge's trained and experienced judgment, is an unjust verdict).
Lee's cross-appeal of the order that granted him his attorney's fees pursuant to section 768.79, Florida Statutes (2001), but refused to apply a multiplier to said award, is stayed pending the Florida Supreme Court's resolution of this issue (whether or not a contingency multiplier may be applied to a fee award pursuant to section 768.79), currently before the Court on conflict jurisdiction in Allstate Ins. Co. v. Sarkis, 809 So.2d 6 (Fla. 5th DCA 2001), rev. granted, Sarkis v. Allstate Ins. Co., 826 So.2d 992 (Fla. Sept.11, 2002). The underlying verdict in all other respects is affirmed. Lee is entitled to his appellate attorney's fees for successfully defending this appeal pursuant to section 768.79.
AFFIRMED. Cross-appeal STAYED.
GUNTHER and SHAHOOD, JJ., concur.
NOTES
[1] Had Matalon admitted his previous deposition testimony (e.g., accident occurred in Miami Beach) had been falsified, he would have essentially admitted guilt to perjury.
[2] We note this accident occurred before the effective date of revisions to a number of statutory provisions regarding punitive damages, all effective October 1, 1999. See §§ 768.72, 768.725, 768.73, 768.736, Fla. Stat. (1999). Had this cause of action accrued after the effective date of said provisions, the requirement to prove entitlement to punitive damages by "clear and convincing evidence" would not have applied, since intoxication was the basis for such damages. § 768.736, Fla. Stat.