FARMER, J.
In his criminal trial on felony charges, defendant contends that the trial court erred in denying his cause challenges to potential jurors. We agree. While defendant cites the rejection of challenges to four prospective jurors on appeal as error, we need address only one of them. See, Jenkins v. State, 824 So.2d 977, 980 (Fla. 4th DCA 2002) (seating a single juror whose impartiality may reasonably be questioned is a structural error not subject to harmless error analysis).
A defendant may not be required to overcome misconceptions and preconceptions of jurors to avoid a guilty verdict. See, Slater v. State, 910 So.2d 347, 348 (Fla. 4th DCA 2005) (citing Hill v. State, 477 So.2d 553, 556 (Fla.1985)). Jurors must start out as impartial, forming opinions only from the evidence produced during trial and from the law given by the judge; any doubt as to one’s impartiality should lead to excusal of that juror for cause. Lewis v. State, 931 So.2d 1034, 1039 (Fla. 4th DCA 2006) (citing Singer v. State, 109 So.2d 7, 24 (Fla.1959)).
In voir dire, defense counsel commented that the burden of proof rested solely on the State and that defendant could not be required to prove anything at trial. Defense counsel then asked a potential juror whether she thought that was fair. Her response was: “I think that you have to prove he’s innocent.” Exploring further, counsel then inquired how “someone [would go] about proving something did not happen.” She reaffirmed her belief that defendant had to prove his innocence by replying “they hire you.” Nothing in the record indicates that she ever receded from that preconception.
A juror is not impartial when she has difficulty accepting and employing the presumption of innocence. See, Overton v. State, 801 So.2d 877, 891-93 (Fla.2001); see also, Hamilton v. State, 547 So.2d 630 (Fla.1989), Huber v. State, 669 So.2d 1079, 1082 (Fla. 4th DCA 1996); Lowe v. State, 718 So.2d 920 (Fla. 4th DCA 1998). This juror’s responses were sufficient to establish her lack of impartiality. It was error for the trial court to deny the challenge for cause.

Reversed for New Trial.

SHAHOOD, J. and LEWIS, TERRY P., Associate Judge, concur.