POLEN, J.
Charles Williams appeals after a jury convicted him of one count of sexual battery upon a child under twelve years of 'age, six counts of sexual battery on a person twelve years of age or older but less than eighteen years of age while standing in the position of familial or custodial authority, and six counts of indecent assault on a person under the age of sixteen. He was sentenced to life in prison without the possibility of parole for the charge of sexual battery upon a child under twelve, and a consecutive term of fifty years in prison on the remaining charges. Of the eight points he raises on appeal, we write to address only whether the trial court erred in not allowing Williams to strike two jurors for cause. Although we hold it was error for the court to deny Williams’ cause challenges as to these two jurors, we find no reversible error since the trial judge granted Williams’ request for two additional peremptory challenges.
The case against Williams was primarily premised on the testimony of the fourteen-year old victim — Williams’ stepdaughter. During jury selection, Williams moved to strike nine jurors for cause, including Mr. Hansen and Ms.. Van Hyning. When asked about his impartiality, Mr. Hansen stated, in broken sentences, that he had experiences with this type of crime, and that his experiences could cause him to have “flashbacks” that would taint his thought process. He stated that there needed to be evidence to prove the crime did not happen. Williams then explained to Mr. Hansen that the defense did not have to present any evidence. The following exchange occurred:
Q: It is up to the State to prove the case beyond a reasonable doubt. Do you understand that?
A: Right.
Q: We never have to prove anything. Let’s say the State presents all the evidence in the case. They present their evidence, and you think that evidence is not proof beyond a reasonable doubt. The prosecutor says, “I rest,” but you feel there is not enough evidence to prove the case beyond a reasonable doubt. What is your verdict going to be at that point?
A: Different situation then.... [My verdict] would have to be not guilty.
Q: ... We don’t have to present any evidence. [Williams] doesn’t have to testify. You can’t hold it against us.... Is that fair?
A: No.
Ms. Van Hyning stated she “would hope” to be fair, and commented, “If [Williams] is innocent, why don’t you get up and say so?” After defense counsel explained the reasons why he did not have to put on a defense, he asked her if she still thought she could be fair and impartial. She responded she thought she could be.
After the court denied Williams’ cause strikes as to these jurors, he struck all of them via his remaining peremptory challenges. Once he exhausted his per-emptories, the court gave him two[1] extra peremptory strikes. He was denied additional peremptories. Williams then moved for a mistrial, arguing he would have stricken additional jurors had he been given additional strikes. The court denied the motion.
Williams argues the court erred by not allowing him to strike for cause the nine jurors, arguing their answers showed they could not be impartial. The test for *716 determining juror competency is whether the jurors can set aside their prejudices and render a verdict based only on the evidence presented and instructions given by the court.. See Pentecost v. State, 545 So.2d 861, 862 (Fla.1989) (citation omitted). “[I]f there is basis for any reasonable doubt as to any juror’s possessing that state of mind which will enable him to render an impartial verdict based solely on the evidence submitted and the law announced at the trial he should be excused on motion of a party, or by the court on its own motion.” Singer v. State, 109 So.2d 7, 23-24 (Fla.1959) cited in Lowe v. State, 718 So.2d 920, 921 (Fla. 4th DCA 1998). Overall, the determination of a juror’s competency to serve lies within the court’s discretion. See Pentecost, 545 So.2d at 862 (citation omitted).
Notwithstanding this discretion, this court has held that it is “manifest error” to retain a juror who has stated that he would require a defendant to present some evidence of innocence. Lowe, 718 So.2d at 922 (citations omitted). This is true even when the juror later states that he would be able to follow the law. In Huber v. State, 669 So.2d 1079 (Fla. 4th DCA 1996), for example, the juror initially doubted that he could presume the defendant innocent because he believed an arrest indicated guilt. See id. at 1081-82. Even though the juror later stated that he could follow the law requiring the state to prove the defendant was guilty beyond a reasonable doubt, this court held he should have been excused for cause:
Even though the prospective juror ... eventually said he would be able to follow the law and require the state to prove its case beyond a reasonable doubt, his original expression of doubt about his ability to presume the defendant innocent because he believes that police don’t arrest innocent people is a basis for reasonable doubt that he might not be able to render an impartial verdict. This was not overcome by his subsequent capitulation and agreement that he would follow the law as given to him by the trial court, and it was error not to dismiss [the juror] for cause.
Id. at 1082. Later, this court clarified that
[t]his [Huber] juror’s single statement that he would acquit if the state presented insufficient evidence was tortuously teased from him only by the most pointed of leading questions. Even if it had been spontaneous, after his repeated assertions imposing on the defendant some burden to erase any idea of guilt, this single statement could not possibly evidence 'the correction or elimination of a view so resolutely held and repeatedly stated.
Lowe, 817 So.2d at 922-23.
Our review of the transcript supports that the answers by Mr. Hansen and Ms. Van Hyning presented a Huber problem. Their responses suggest that they did not understand the respective burdens of proof involved in a criminal case, and continually evaded the question as to whether they could be fair and impartial if Williams did not put on a defense. Accordingly, we hold that they should have been stricken for cause. No error is presented, however, in the trial court’s denial of the other seven challenges for cause.
Although we have found the court erred in denying the two challenges for cause, under the facts surrounding the jury selection in this case, we hold the error does not require reversal. In Hill v. State, 477 So.2d 553 (Fla.1985), the supreme court held that “it is reversible error for a court to force a party to use peremptory challenges on persons who should have been excused for cause, provided the party subsequently exhausts all of his or her peremptory challenges and an additional challenge is sought and denied.” Id. at 556 (emphasis supplied). Here, Williams was granted two additional strikes after he exhausted all of his peremptory challenges. As such, we hold that Williams, by using the additional peremp-tories granted by the court to strike these *717 two jurors, has failed to show prejudice warranting a reversal. See Aguilera v. State, 606 So.2d 1194 (Fla. 1st DCA 1992).
As to the other points raised on appeal, we find Williams’ arguments on same unpersuasive and, thus, affirm.
AFFIRMED.
GROSS, J., concurs.
STONE, J., concurs specially with opinion.

. He technically was granted three additional strikes because the court allowed him to strike one juror as an alternate after he exhausted the two additional challenges he was given.