KLEIN, J.
Appellant was convicted of aggravated battery of a pregnant woman, two counts of attempted first degree murder, and two counts of aggravated child abuse. We reverse for a new trial because of the improper denial of one of his challenges of a juror for cause.
Appellant’s counsel emphasized in voir dire that the state had the burden of proof. He inquired of individual prospective jurors about whether they could judge the case properly on the law if the appellant did not offer any evidence, and whether they understood that the burden was on the government to prove its case. After questioning five prospective jurors about those concepts, the following occurred with juror McNeal:
[DEFENSE COUNSEL]: Mr. McNeal, you sat as a juror in the past; is that right?
MR. MCNEAL: Yes.
*1047 [DEFENSE COUNSEL]: Okay, and are you familiar with the concepts that we’re talking about here?
MR. MCNEAL: Yes.
[DEFENSE COUNSEL]: Do you have any problem with any of them?
MR. MCNEAL: I would hope you could present something for your side.
Defense Counsel then asked McNeal if it would be sufficient for him to put on no evidence and to just argue that the state had not proved its case, or would he need more?
MR. MCNEAL: I would want to see more.
[DEFENSE COUNSEL]: You’d want to see more.
Defense counsel later sought to strike juror McNeal for cause because of his position that the appellant would have to present evidence. The trial court indicated that it did not recall McNeal taking that position, and then went on to state:
THE COURT: And’ all of the ones about evidence I have a problem with the way it was presented so you’re going to have a problem on cause challenges on anyone that said you had to bring evidence in. I don’t believe you asked the question whether they would follow the instruction of law if the law said they, if they [sic] Court instructs them they don’t have to bring, that you don’t have to present any evidence.
[DEFENSE COUNSEL]: Well, that’s not the instruction. The instruction is that, is that the burden of proof is on the State.
THE COURT: But you didn’t, but you didn’t ask whether they could follow the Court’s instructions.
[DEFENSE COUNSEL]: Okay
THE COURT: So, but on McNeal I made no notation whatsoever that he made that comment, so I’ll deny the cause challenge on Mr. McNeal.
Juror McNeal did not sit because appellant used one of his peremptory challenges to strike him, but appellant did exhaust his peremptory challenges, and otherwise properly preserved the issue for review.
The first issue we address is whether the court was correct in requiring defense counsel to ask those jurors who had problems with a defendant not putting on evidence if they could follow the law. In Bryant v. State, 601 So.2d 529, 532 (Fla.1992), our supreme court observed:
[I]t is not defense counsel’s obligation to rehabilitate a juror who has responded to questions in a manner that would sustain a challenge for cause. The appropriate procedure ... is for-either the prosecutor or the judge to make sure the prospective juror can be an impartial member of the jury.
Moreover, we recently held that it is “manifest error” to retain a juror who believes that a defendant should have to present some evidence of innocence, even where the juror has been “rehabilitated.” Williams v. State, 24 Fla. L. Weekly D1874, — So.2d -, 1999 WL 597350 (Fla. 4th DCA Aug.11, 1999). We thus agree that a new trial is required.
Because we are remanding this case for a new trial we briefly address one other issue. Appellant raised the defense of insanity, and on cross-examination of a psychologist it came out that the psychologist did not believe that appellant would need involuntary hospitalization. Appellant objected and moved for a mistrial on the ground that it gave the jury the impression that, if it found appellant not guilty by reason of insanity, he would go free. The court sustained the objection but denied the motion for mistrial, instructing the jury that appellant would be subsequently evaluated before his fate would be determined. We need not decide whether the mistrial should have been granted, but we do agree that the trial court properly sus *1048 tained the objection and that this should not come out on retrial.
Reversed.
FARMER and TAYLOR, JJ., concur.