HAZOURI, J.
Eddie Watson filed a postconviction motion under Florida Rule of Criminal Procedure 3.850 asserting twelve grounds for relief. The trial court denied ten of the claims. Watson was granted a new trial based upon the first two claims. The trial court granted Watson relief without an evidentiary hearing. We reverse and remand for an evidentiary hearing.
Watson was charged with possession of cocaine (count I), possession of marijuana (count II) and possession of a firearm by a convicted felon (count III). He pleaded guilty to counts I and II. The case went to a jury trial on count III, and Watson was convicted. He was sentenced to 30 years in prison as a habitual felony offender on count III.
On the first two grounds, Watson claims that the trial court committed fundamental error and his counsel was ineffective for failing to remove or object to three biased jurors. He claims these jurors believed he had to present some evidence of innocence and that they were never rehabilitated during voir dire. The trial court granted *775 Watson’s relief stating that although Watson’s counsel did attempt to rehabilitate the jurors, i.e., confirming that the state bears the burden of proof of guilt and that Watson had no obligation to prove his innocence, the rehabilitation was unsuccessful. As a result, Watson was granted a new trial on count III because the trial court concluded that the three jurors could not have been fair and impartial, citing as authority this court’s decision in Williams v. State, 755 So.2d 714 (Fla. 4th DCA 1999).
Although in Williams this court held that it was error for the trial court to deny for-cause challenges of two jurors, who had initially expressed the belief that the defendant should be required to present some evidence of his innocence, the defendant was given two additional peremptory challenges which counsel used to excuse the two jurors. Therefore, the defendant failed to show prejudice warranting a new trial. The Williams case was a direct appeal unlike the instant case which is a postconviction appeal based on a claim of ineffective assistance of trial counsel.
In order to justify postconviction relief, Watson must comply with the two-prong standard set forth in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To satisfy the first prong, Watson must show that his attorney’s conduct fell outside the wide range of reasonable professional assistance. See id. at 689, 104 S.Ct. 2052. The second prong requires that Watson show there is a reasonable probability that, but for the attorney’s deficient performance, the outcome of the proceedings would have been different. See id. at 694, 104 S.Ct. 2052.
As the state points out, the trial transcript reflects that although the three jurors initially expressed the lay opinion that the defense had to prove its case, following an explanation of the legal standard, the jurors agreed that the accused was presumed innocent and the state had the burden of proof. Without an evidentiary hearing, there is no evidence that Watson’s counsel’s failure to object to the seating of the jurors in question was not a strategic decision on his part. It may well be that Watson’s counsel was satisfied that he had rehabilitated the jurors and/or there were other reasons why he chose to go forward with these particular jurors. Additionally, without an evidentiary hearing, Watson was relieved of the second prong of Strickland, i.e., showing that there is a reasonable probability that, but for the attorney’s deficient performance, the outcome of the proceedings would have been different. Accordingly, we reverse and remand the case to the trial court to hold an evidentia-ry hearing and direct the trial court to appoint conflict-free counsel for Watson to assist in the evidentiary hearing.

Reversed and remanded with directions.

GUNTHER and POLEN, JJ., concur.