930 So.2d 827 (2006)
Benjamin COTTRELL, Appellant,
v.
STATE of Florida, Appellee.
No. 4D04-3568.
District Court of Appeal of Florida, Fourth District.
June 7, 2006.
*828 Carey Haughwout, Public Defender, and John M. Conway, Assistant Public Defender, West Palm Beach, were withdrawn after filing brief. Benjamin Cottrell, Avon Park, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and James J. Carney, Assistant Attorney General, West Palm Beach, for appellee.
MAY, J.
Voir dire  the method of ensuring a defendant's constitutional right to trial by an impartial jurycreates the issue in this appeal. The defendant appeals his conviction and sentence for robbery. He argues the trial court erred in denying his challenge for cause to a prospective juror. We agree and reverse.
The Information alleged the defendant knowingly took merchandise away from two store employees with the use of force. During voir dire, defense counsel questioned a prospective juror concerning the defendant's right to remain silent.
DEFENSE COUNSEL: Now, the Judge had already said [the defendant] and I could sit here and not do a thing. The State could put on all of their evidence, have all of their witnesses come in and testify, we don't have to do anything. Do you think that's fair?
PROSPECTIVE JUROR: No, I don't think its fair.
DEFENSE COUNSEL: Why?
PROSPECTIVE JUROR: You have to say something. It should be both.
DEFENSE COUNSEL: Okay. So, lets say we just do that. That's what we do, we just sit there. How's that going to effect [sic] your judgment if selected as a juror?
PROSPECTIVE JUROR: Well, it will effect [sic] my judgment because I[sic] only hearing on one side not on both sides.
Defense counsel moved to strike the prospective juror for cause. The trial court denied the motion.
THE COURT: "Okay. Well, Ishe did not say she couldn't follow the instruction. She didn't say she'd hold it against you [defense counsel]. She said she'd only hear one side and she wouldn't think that would be fair cause people like to hear two sides of every story. And, if they're only presented with one, most people say well, that's not fair if I only hear one side of the story and I think that's what she was talking about not whether or not she would follow that instruction. She didn't in anyway indicate she wouldn't follow the instruction. And, that's the reason I didn't make a note on her during the voir dire. I made a note on every other cause challenge that you allthat either one of you have.
Defense counsel requested an additional peremptory challenge, which the court denied. Counsel exhausted his peremptory challenges and then identified the juror that would have been stricken had the additional peremptory challenge been allowed. The jury found the defendant *829 guilty. The trial court sentenced him to a five-year term of imprisonment.
The defendant argues the trial court abused its discretion when it failed to strike the prospective juror for cause. He suggests the prospective juror's responses during voir dire created "reasonable doubt" as to the juror's ability to render an impartial verdict. The State argues the trial court did not abuse its discretion because the prospective juror never said she could not follow the instructions and did not indicate she would hold it against the defendant if he did not present a defense.
"It is within a trial court's province to determine whether a challenge for cause is proper, and the trial court's determination of juror competency will not be overturned absent manifest error." Fernandez v. State, 730 So.2d 277, 281 (Fla. 1999). Notwithstanding the trial court's discretion, manifest error occurs when a court retains "a juror who has stated that he would require a defendant to present some evidence of innocence." Williams v. State, 755 So.2d 714, 716 (Fla. 4th DCA 1999).
This court addressed the same issue in Kramer v. State, 747 So.2d 1046 (Fla. 4th DCA 2000), a case involving similar facts. There, defense counsel asked a prospective juror "if it would be sufficient for him to put on no evidence and to just argue that the state had not proved its case, or would he need more?" Id. at 1047. The prospective juror indicated he would want more. Defense counsel requested the juror be stricken for cause. The court denied the request. Defense counsel exercised one of his peremptory challenges, exhausted his remaining challenges, and properly preserved the issue. This court reiterated, "that it is `manifest error' to retain a juror who believes that a defendant should have to present some evidence of innocence, even where the juror has been `rehabilitated.'" Id. at 1047 (citing Williams).
Here, the prospective juror indicated that it wasn't fair for only the State to have to produce evidence and that she thought the defendant's failure to put on a case would affect her judgment. This is the same expression of misunderstanding the burden of proof in a criminal trial found unacceptable in Kramer and Williams. The trial court must excuse a prospective juror for cause if there is any reasonable doubt that the juror possesses the requisite impartial state of mind. Singer v. State, 109 So.2d 7, 23-24 (Fla. 1959). And, "close cases should be resolved in favor of excusing the juror rather than leaving doubt." Huber v. State, 669 So.2d 1079, 1081 (Fla. 4th DCA 1996). The defendant does not have an obligation to rehabilitate a juror who admits some form of bias. See Bryant v. State, 601 So.2d 529 (Fla.1992). We therefore reverse the defendant's conviction and remand the case for a new trial.
Reversed and Remanded.
STONE and FARMER, JJ., concur.