[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 15, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-16817
Non-Argument Calendar

_____

D. C. Docket No. 04-60356-CV-CMA

CHARLES WILLIAMS,

Petitioner-Appellant,

versus

SECRETARY FOR THE DEPARTMENT
OF CORRECTIONS,
James McDonough, Secretary,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(September 15, 2006)**

Before BLACK, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Charles Williams, a Florida prisoner, appeals the denial of his petition for a writ of habeas corpus. We affirm.

## I. BACKGROUND

Williams was arrested for sexual abuse of a child. At the time of his arrest, after he had been read and had waived his Miranda warnings, Williams stated, "This is being blown out of proportion. I've touched her; she is always teasing me, but I don't want to incriminate myself." After he made the statement, the officer that arrested Williams ceased his questioning.

At trial, the prosecution used Williams's statement to the arresting officer three times. On each occasion, Williams's attorney objected and argued that the prosecutor had commented on Williams's right to remain silent. The trial court overruled each objection and found that Williams's statement was appropriate as part of his confession.

On direct appeal, the Florida District Court of Appeals affirmed the admission of the statement. See Williams v. State, 755 So.2d 714, 717 (Fla. Dist. Ct. App. 1999). On collateral review before the Florida courts, Williams argued that his counsel was ineffective for failure to suppress the incriminating statement before trial. The Florida courts ruled that the claim was procedurally barred because Williams had raised the issue on direct appeal.

On federal habeas review, the district court ruled that Williams's counsel was not ineffective for failure to move to suppress the incriminating statement because there was not a reasonable probability that the trial court would have granted the motion. The district court also ruled that the affirmance on direct appeal of the decision to admit the statement was not contrary to, or an unreasonable application of, clearly established Supreme Court precedent.

## II. STANDARD OF REVIEW

"In examining a federal district court's denial of a [section] 2254 habeas petition, we review questions of law de novo and findings of fact for clear error." Occhicone v. Crosby, 455 F.3d 1306, 1308 (11th Cir. 2006).

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a federal district court may not grant the petition for a writ of habeas corpus of a state prisoner

> . . . with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "A state-court decision will . . . be contrary to [the Supreme

3

Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [those] cases." <u>Williams v. Taylor</u>, 529 U.S. 362, 405, 120 S. Ct. 1495, 1519 (2000). "A state-court decision will also be contrary to [the Supreme Court's] clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [that] precedent." <u>Id.</u> at 406, 120 S. Ct. at 1519-20. "[W]hen a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case, a federal court applying [section] 2254(d)(1) may conclude that the state-court decision falls within that provision's 'unreasonable application' clause." <u>Id.</u> at 409, 120 S. Ct. at 1521. The factual determinations of the state court "shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254 (e)(1).

### III.  DISCUSSION

A defendant has a right to remain silent, and the invocation of that right cannot be used against the defendant. <u>Doyle v. Ohio</u>, 426 U.S. 610, 611, 96 S. Ct. 2240, 2241 (1976). To avail himself of the right to remain silent, a defendant must make an unequivocal invocation of that right. <u>Coleman v. Singletary</u>, 30 F.3d

4

1420, 1424 (11th Cir. 1994); see Davis v. United States, 512 U.S. 452, 461-62, 114 S. Ct. 2350, 2356 (1994). The "primary protection afforded suspects subject to custodial interrogation is the Miranda warnings themselves." Davis, 512 U.S. at 460, 114 S. Ct. at 2356. Whether an invocation of the right to silence is unequivocal is determined by an objective inquiry. Medina v. Singletary, 59 F.3d 1095, 1101 (11th Cir. 1995).

Williams argues that his counsel was ineffective for failure to obtain the suppression of Williams's statement that Williams "[didn't] want to incriminate [himself]." Williams argues that the statement was an invocation of his right to remain silent and its admission violated his right to due process. We disagree.

Because Williams's equivocal statement regarding his desire not to incriminate himself could be construed as part of his admission, the determination of the Florida courts that Williams's statement was not an invocation of his right to remain silent was neither contrary to, nor an unreasonable application of, clearly established Supreme Court precedent. Likewise, Williams's counsel was not ineffective for failing to file a motion to suppress Williams's statement because the statement was admissible. There is no likelihood that a motion to suppress the statement would have been granted.

## IV.  CONCLUSION

The denial of Williams's petition for habeas corpus is

**AFFIRMED.**