983 So.2d 748 (2008)
The STATE of Florida, Appellant,
v.
Gustavo VEGA, Appellee.
No. 3D07-1819.
District Court of Appeal of Florida, Third District.
June 11, 2008.
*749 Bill McCollum, Attorney General, and Jill Kramer Traina, Assistant Attorney General, for appellant.
Kate Walling, Eduardo Soto, Coral Gables, and Karla Lammars, for appellee.
Before GREEN, SUAREZ, and CORTIÑAS, JJ.
SUAREZ, J.
The State of Florida seeks to reverse the trial court's summary grant of Gustavo Vega's post-conviction motion to vacate his conviction. We reverse and remand for an evidentiary hearing.
Vega was charged in 1989 with possession of cannabis. In 1990, Vega pled guilty, adjudication was withheld and he received probation. In 2007, Vega filed a motion pursuant to Florida Rule of Criminal Procedure 3.850 to vacate his conviction. Vega asserted that he was not informed of the deportation consequences of his plea, and that had he known of the risk of deportation at the time of the plea, he would not have entered into it. The transcript of the plea colloquy is unavailable. The trial court summarily granted the defendant's motion to vacate without an evidentiary hearing.
The trial court should have held an evidentiary hearing. The rule provides only for a summary denial of a post-conviction motion if the record shows conclusively that the defendant is not entitled to relief. If it does not, an evidentiary hearing is required. See State v. Green, 944 So.2d 208, 219 (Fla.2006) (holding that the trial court may summarily deny the post-conviction petition only if it attaches record proof that conclusively refutes one or more of the petitioner's claims; otherwise, the defendant must receive an evidentiary hearing). Vega's claim that he was not informed of the deportation consequences of his plea cannot be proven without an evidentiary hearing because the transcript of the plea colloquy was destroyed. An evidentiary hearing would allow the trial court to evaluate the State's evidence, ascertain the veracity of Vega's claim and determine whether or not he was actually prejudiced. We reverse the trial court's order vacating the defendant's plea and remand for an evidentiary hearing.
Reversed and remanded.