ROTHENBERG, J.
 

 The defendant, Lavontes McPherson, challenges the summary denial of his motion for postconviction relief alleging ineffective assistance of trial counsel pursuant to Florida Rule of Criminal Procedure 3.850. We reverse and remand for an evidentiary hearing.
 

 The defendant was charged with aggravated battery on a law enforcement officer, leaving the scene of an accident with injuries, and fleeing a police officer at a high rate of speed. A jury returned a verdict finding the defendant guilty of leaving the scene of an accident with injuries and fleeing a law enforcement officer at a high rate of speed, but not guilty of aggravated battery on a law enforcement officer. Thereafter, the defendant was sentenced.
 

 On direct appeal, the defendant argued that the trial court erred by denying his motion for mistrial based on the State’s improper closing argument. This Court affirmed,
 
 McPherson v. State,
 
 7 So.3d 1111 (Fla. 3d DCA 2009), and entered its mandate on May 15, 2009.
 

 On September 22, 2009, the defendant filed a timely rule 3.850 motion for post-conviction relief, asserting ineffective assistance of trial counsel based on the following facts. After the prospective jurors were sworn and the trial court read the charges to the jury, the trial court took a ten minute recess. During this recess, the prospective jurors interacted with police officers.
 
 [1]
 
 After the recess, the jury was
 
 *982
 
 selected. On the following day, prior to the commencement of the proceedings, the defendant asked trial counsel if she had spoken to defendant’s brother regarding the jury’s contact with the police officers. In response, trial counsel acknowledged that the defendant’s brother informed her that members of the jury and police officers discussed the police officers’ opinion as to a defendant charged with fleeing or attempting to elude a law enforcement officer. The defendant requested that trial counsel inform the trial court of this matter so that the trial court could voir dire each juror about their conversation with the police officers and/or enter a mistrial. Trial counsel, however, refused to bring this matter to the trial court’s attention, and thereafter, the defendant was found guilty of two of the three charges.
 

 In support of his motion, the defendant attached his brother’s sworn affidavit. The defendant’s brother averred that “some members of the jury panel ask[ed] the police officers outside the Court room [sic] what was their opinion about someone who is charged with leaving the scene of an accident on a police officer.” In response, the police officers stated that “every defendant of this charge must be found guilty.” Moreover, the defendant’s brother averred that he informed the defendant’s trial counsel of his observations.
 

 The trial court summarily denied the defendant’s motion for postconviction relief because the issue raised in the motion— which the trial court characterized as “an issue regarding jury selection” — “should have been” raised on direct appeal. This appeal followed.
 

 First, we disagree with the trial court’s characterization of the alleged claim as “an issue regarding jury selection.” Although the alleged interaction between the police officers and jurors took place during a recess in the jury selection process, the issue, in reality, is whether the jury had an inappropriate conversation with police officers, which biased the jurors against the defendant.
 

 Second, contrary to the trial court’s conclusion, the defendant’s claim of ineffective assistance of trial counsel could not have been properly raised on direct appeal as the claim would not be apparent on the face of the record.
 
 Bruno v. State,
 
 807 So.2d 55, 63 n. 14 (Fla.2001) (“A claim of ineffectiveness can properly be raised on direct appeal only if the record on its face demonstrates ineffectiveness.”);
 
 Desire v. State,
 
 928 So.2d 1256, 1257 (Fla. 3d DCA 2006) (“As a general rule, claims of ineffective assistance of counsel are not ordinarily cognizable on direct appeal. The exception is when the error is apparent on the face of the record, which is rarely the case.”). Here, the defendant claimed that he had a private conversation with his trial counsel, requesting that she inform the trial court of the alleged conversation between the police officers and jurors so that the trial court could voir dire each juror about the alleged conversation and/or enter a mistrial. As the claimed error would not be apparent on the face of the record, the issue would not have been cognizable on direct appeal and was properly raised in a rule 3.850 postconviction motion. Accordingly, we reverse and remand for an evidentiary hearing.
 
 See State v. Vega,
 
 983 So.2d 748 (Fla. 3d DCA 2008) (reversing the summary grant of a rule 3.850 motion and remanding for an evidentiary hearing, noting that the “rule provides only for a summary denial of a post-conviction motion if the record shows conclusively that the defendant is not entitled to
 
 *983
 
 relief’ and “[i]f it does not, an evidentiary hearing is required”).
 

 Reversed and remanded.
 

 [1]
 

 . The defendant asserted in its motion that following the recess, but prior to the jury returning to the courtroom, the trial judge notified the parties that “the jury is going to
 
 *982
 
 be in [sic] a minute, listen, the cops are sitting out there with the jury.”