WARNER, J.
 

 We reverse appellant’s convictions and remand for a new trial, because the trial court erred in denying challenges for cause to three jurors who stated that the defendant’s failure to testify would influence their decision.
 
 [1]
 

 See Overton v. State,
 
 801 So.2d 877, 891-93 (Fla.2001) (holding that a juror should have been excused for cause where he admitted during voir dire that he always believed that defendants should testify if they have nothing to hide, notwithstanding the juror’s subsequent assurances that he would be able to follow the court’s instructions);
 
 Mitchell v. State,
 
 862 So.2d 908, 910-11 (Fla. 4th DCA 2003) (finding that the trial court erred in denying challenges to three jurors who expressed misgivings about being impartial if the defendant elected not to testify);
 
 Williams v. State,
 
 755 So.2d 714, 716 (Fla. 4th DCA 1999) (where jurors evinced a misunderstanding of the burden of proof, and thought the defendant should testify, challenge for cause should have been granted). The state did not attempt to rehabilitate these jurors, and the defendant had no obligation to do so.
 
 See Cottrell v. State,
 
 930 So.2d 827, 829 (Fla. 4th DCA 2006) (trial court must excuse a prospective juror for cause if there is any reasonable doubt as to the juror’s impartiality and that the defendant does not have the obligation to rehabilitate a juror who admits some form of bias).
 

 We affirm as to all remaining issues. To guide the parties on remand with respect to the issue of whether appellant could be convicted for driving with a suspended license, we would refer the parties to section 322.251, Florida Statutes, which provides that if a licensee whose driving privilege is suspended fails to surrender all licenses, the period of suspension will not expire “until a period identical to the period for which the driving privilege was suspended ... has expired after the date
 
 *1218
 
 of surrender of the licenses, or the date an affidavit swearing such licenses are lost has been filed with the department.” § 322.251(3), Fla. Stat.
 

 Affirmed in part, reversed in part and remanded.
 

 POLEN and STEVENSON, JJ„ concur.
 

 [1]
 

 . We find that the issue has been properly preserved.
 
 See Jenkins v. State,
 
 824 So.2d 977, 981 (Fla. 4th DCA 2002).