PER CURIAM.
Jonathan Williams, Appellant, seeks review of his convictions for second-degree murder and aggravated battery. We find no reversible error in the conviction for aggravated battery. However, because the trial court’s instruction on manslaughter by act was fundamentally erroneous under State v. Montgomery, 39 So.3d 252 (Fla.2010), we reverse and remand for a new trial on the second-degree murder charge.
The trial court instructed the jury as follows on manslaughter:
[T]o prove the crime of manslaughter,] the state must prove the following two elements beyond a reasonable doubt: One, Buddy Eugene Pickett is dead. Two, Jonathan David Williams intentionally caused the death of Buddy Eugene Pickett.
However, the defendant cannot be guilty of manslaughter if the killing was either justifiable or excusable homicide as I have previously explained those terms.
In order to convict of manslaughter by intentional act[,] it is not necessary for the state to prove that the defendant had a premeditated intent to cause death, only an intent to commit an act which caused death.
There was no instruction on manslaughter by culpable negligence as in Salonko v. State, 42 So.3d 801, 802 (Fla. 1st DCA 2010), and Appellant did not specifically agree to the erroneous instruction as in Joyner v. State, 41 So.3d 306, 307 (Fla. 1st DCA 2010).
Based on the holding in State v. Montgomery, 39 So.3d at 257, the trial court’s instruction on the elements of manslaugh *1208 ter was incorrect, as it improperly suggested that the defendant was required to have an intent to kill the victim before being convicted of manslaughter. The Montgomery court held that this error was fundamental because it deprived the jury of its inherent “pardon” power by foreclosing a conviction of the lesser-ineluded offense one step removed from the crime of conviction if the jury did not believe the defendant intended to kill the victim, given that the crime of conviction required no intent to kill, while the instructions at issue indicated that intent to kill was an element of the lesser-ineluded offense one step removed. 39 So.3d at 259.
This case requires us to consider whether the trial court’s instruction that it was “not necessary for the state to prove that the defendant had a premeditated intent to cause death, only an intent to commit an act which caused death” cured the defect in the instruction on the elements of manslaughter. This precise issue was recently decided in Riesel v. State, 48 So.3d 885 (Fla. 1st DCA 2010), and Pryor v. State, 48 So.3d 159 (Fla. 1st DCA 2010). Riesel held that the instructions at issue were not materially distinguishable from the instructions given in Montgomery, 39 So.3d at 258, and the Pryor Court followed suit, 48 So.3d 159, 161. Based on those cases, we reverse and remand for a new trial on the second-degree murder charge only.
REVERSED and REMANDED.
WEBSTER, LEWIS, and MARSTILLER, JJ., concur.