LAWSON, J.
Cameron Butler appeals from an order denying his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 8.850. The State concedes that the motion should have been granted with respect to Butler’s claim that his trial counsel[1] was ineffective for failing to file a motion for discharge under Florida Rule of Criminal Procedure 3.191. We agree.
Butler was initially arrested on November 7, 2005, in Broward County, Florida, on an arrest warrant issued in Volusia County upon a finding that there was probable cause to conclude that Butler had committed the offenses of shooting into an occupied vehicle and attempted second degree murder. The offenses occurred on October 31, 2005. In a search incident to Butler’s lawful arrest on the Volusia County warrant, law enforcement discovered an amphetamine pill on Butler’s person. Although Broward County notified authorities in Volusia County of the arrest, they held Butler in Broward County while pursuing prosecution for Butler’s possession of the amphetamine pill. Ultimately, Butler was convicted and sentenced to prison on the Broward County possession charge, and was transported to the Department of Corrections to begin serving that sentence. However, Butler was not formally charged on the Volusia County offenses until after he completed his Broward County sentence. The State finally filed an information charging Butler with the Volusia County offenses on June 22, 2007.
Although Butler repeatedly attempted to assert his speedy trial right, pro se, his motions were stricken because he was represented by appointed counsel at the time. Butler was subsequently convicted on the Volusia County charges, and is currently serving concurrent sentences of fifteen and thirty years on them. At an evidentiary hearing on Butler’s 3.850 claims held below, his appointed trial counsel testified that he never filed a motion for discharge (despite Butler’s repeated requests that he do so) because he (mistakenly) believed that Butler had not been arrested on the charges until June 1, 2007, when he was transported from the Department of Corrections and booked into the Volusia County jail.
Failure to raise a speedy trial claim can constitute ineffective assistance of counsel. See, e.g., King v. State, 485 So.2d 877, 878 (Fla. 2d DCA 1986). In this case, as conceded by the State, the 175-day speedy trial period began to run on the Volusia County charges when law enforcement arrested Butler on November 7, 2005. See Fla. R.Crim. P. 3.191(a) (the time period in rule 3.191(a) “shall commence when the person is taken into custody as defined under subdivision (d)”); Fla. R.Crim. P. 3.191(d) (“For purposes of [speedy trial], a person is taken into custody ... when the person is arrested as a result, of the conduct or criminal episode that gave rise to the crime charged.... ”); Williams v. State, 757 So.2d 597, 599 (Fla. 5th DCA 2000) (“Under rule 3.191, the date of the original arrest is the focal point for speedy trial considerations.”); Trainer v. Broome, 666 So.2d 1019, 1020 (Fla. 4th DCA 1996) (“the act of booking or placing a person into custody for an offense clearly implies that an arrest has occurred”); Perkins v. State, 457 So.2d 1053, 1055-56 (Fla. 1st DCA 1984) rev. denied 464 So.2d 556 (Fla.1985) (“the time for speedy trial on the Duval County charge of escape ran from the date appellant was taken into *421 custody, or booked on that charge — not from the date that he was transferred from state prison to Duval County and was there formally arrested for such offense”); see also, State v. Williams, 791 So.2d 1088, 1089 (Fla.2001) (the state cannot “effectively toll the running of the speedy trial period by allowing it to expire prior to filing of formal charges”).
Because the State did not file an information until June 22, 2007, well after the 175 day speedy trial period had expired, it was not entitled to the ten day recapture period under Florida Rule of Criminal Procedure 3.191(p). Williams, 791 So.2d at 1091. The State properly concedes this point as well. As such, if Butler’s appointed trial counsel had simply filed a motion for discharge, as Butler repeatedly requested, the charges in this case should have been dismissed. Id.[2] Instead, Butler’s counsel pursued a “strategy” of preparing for trial.[3] It is well established, in a number of contexts, that “a tactical or strategic decision is unreasonable if it is based on a failure to understand the law.” Hardwick v. Crosby, 320 F.3d 1127, 1163 (11th Cir.2003) (citing Horton v. Zant, 941 F.2d 1449, 1462 (11th Cir.1991)). Whether a strategic decision is reasonable is a question of law. Id. Under these circumstances, we find that counsel was ineffective for failing to file a motion for discharge. Accordingly, we reverse the order on appeal and remand to the trial court with directions to grant Butler’s motion, vacate his convictions and sentences on these charges, and dismiss the charges.[4]
REVERSED and REMANDED with directions.
TORPY, J., concurs.
GRIFFIN, J., concurs specially in result only, without opinion.

. Butler is represented by a different attorney in his postconviction proceedings.

. The State also correctly concedes that Butler never expressly waived speedy trial. See, e.g., Bryant v. State, 650 So.2d 68, 70 (Fla. 5th DCA 1994); see also Flournory v. State, 322 So.2d 652, 654 (Fla. 2d DCA 1975) ("a waiver of a fundamental right, i.e., right to speedy trial in this case, cannot be ascertained from a silent record”).

. "[Strategic decisions do not constitute ineffective assistance of counsel if alternative courses have been considered and rejected and counsel’s decision was reasonable under the norms of professional conduct.” Occhicone v. State, 768 So.2d 1037, 1048 (Fla.2000).

. We note that this result is dictated by binding precedent applying a purported procedural rule adopted by the Florida Supreme Court. Florida Rule of Criminal Procedure 3.191 has been criticized on grounds that it "eviscerates the statute of limitations enacted by the Legislature” and in doing so improperly ”creat[es] substantive law.” Bulgin v. State, 912 So.2d 307, 314 (Fla.2005) (Wells, J., dissenting). In our view, this case illustrates that point. There has been no demonstration that Butler's constitutional speedy trial rights were violated by the filing of an information in this case within two years of the offense date. Yet, our "procedural” rule acts to forever bar prosecution for these serious charges based upon arbitrary time standards set forth in the rule-effectively nullifying the longer statute of limitations period set by the legislature for these offenses.