BENTON, J.
The state appeals an order granting, on ineffective assistance of counsel grounds, Jonathan Williams’ motion under Florida Rule of Criminal Procedure 3.850, and ordering a new trial on a charge of aggravated battery. A prior order definitively answers the question whether there is a reasonable probability that filing a pretrial motion under the “Stand Your Ground Law” would have changed the result of the aggravated battery prosecution: The state never appealed the earlier order — granting immunity from prosecution on a related murder charge — and the prior order stands for that reason. But the lower court erred in denying the state’s request for an evidentiary hearing, before determining that trial counsel’s failure to file a pretrial motion to dismiss the aggravated battery charge fell below constitutional standards. We vacate the order under review, and remand for an evidentiary hearing on that narrow question.
I.
Mr. Williams stood trial for second-degree murder for the January 25, 2008 shooting death of Buddy Pickett; and for aggravated battery of Audrey Johns, a bystander struck in the leg by shrapnel. At a jury trial over which Judge Wilkes presided October 12-15, 2009, Mr. Williams claimed self-defense. In an unsuccessful motion for judgment of acquittal, trial counsel argued Mr. Williams acted in self-defense in shooting Mr. Pickett; and further that, for that reason, the transferred intent allegedly underlying the aggravated battery on Ms. Johns was not proven beyond a reasonable doubt. Found guilty as charged on both counts, Mr. Williams’ motion for new trial, in which he first raised Florida’s “Stand Your Ground Law,” was also denied.
On direct appeal, the murder conviction was overturned on grounds that the trial court’s instruction on manslaughter by act was fundamentally erroneous. See State v. Montgomery, 39 So.3d 252 (Fla.2010); Williams v. State, 50 So.3d 1207, 1207-08 (Fla. 1st DCA 2010). Although Mr. Williams argued on direct appeal that he was entitled to a new trial on the charge of aggravated battery, as well, because of the defective manslaughter instruction,[1] we reversed and remanded “for a new trial on the second-degree murder charge only.” Id. at 1208.
On remand, trial counsel filed a motion to dismiss “the Information filed in this cause” on the basis of immunity from pros *892 ecution under section 776.032, Florida Statutes (2007).[2] At a hearing on the motion, Mr. Williams testified (consistently with his trial testimony) about Mr. Pickett’s threats and threatening behavior both immediately prior to the shooting, and in the more remote past.[3] Other witnesses testifying regarding Mr. Pickett’s reputation for violence corroborated the defendant’s report of the victim’s reputation in this regard.
Relying on the “Stand Your Ground Law,” Judge Skinner ruled that Mr. Williams was presumed to have been in reasonable fear of imminent death or great bodily harm to himself or another, and that the law deemed his use of deadly force justified. He concluded Mr. Williams demonstrated by a preponderance of the evidence that he had reason to believe Mr. Pickett was in the process of forcibly entering Mr. Williams’ dwelling unlawfully when he shot him. Granting the motion to dismiss, Judge Skinner modified the judgment and sentence to eliminate the conviction and sentence for second-degree murder, but did not address the aggravated battery. No appeal was taken.[4]
Instead, Mr. Williams moved for arrest of judgment as to the aggravated battery conviction, citing Brown v. State, 84 Fla. 660, 94 So. 874, 874 (1922) (“If the killing of the party intended to be killed would, under all the circumstances, have been excusable or justifiable homicide upon the theory of self-defense, then the unintended killing of a bystander, by a random shot fired in the proper and prudent exercise of such self-defense, is also excusable or justifiable.”), Nelson v. State, 853 So.2d 563, 565 (Fla. 4th DCA 2003) (agreeing Nelson “should have been entitled to transfer his theory of self-defense to defend against the transferred intent crime”), and V.M. v. State, 766 So.2d 280, 281 (Fla. 4th DCA 2000) (“Where self-defense is a viable defense to the charge of battery on an intended victim, the defense also operates to excuse the battery on the unintended victim.”). But Judge Skinner concluded that “[bjecause Defendant’s conviction and sentence on the count of Aggravated Battery were affirmed on [the original direct] appeal, the Court d[id] not have jurisdiction to consider Defendant’s Motion for Arrest of Judgment,” and denied the motion on that basis.
Mr. Williams then filed his initial Rule 3.850 motion, arguing that the aggravated battery conviction should be set aside, because the state’s ability to prove transferred intent terminated, as a matter of law, when the second-degree murder charge was dismissed. Denying this motion, the trial court reported finding “no *893 case law supporting or espousing a 3.850 nullification principle or rule,” and ruled that dismissal of the second-degree murder charge did not render the aggravated battery conviction legally inconsistent with dismissal of the murder charge. The trial court’s order stated, however, that Mr. Williams was “not precluded by this Order from filing a legally sufficient and timely Motion for Post Conviction Relief pursuant to Florida Rule of Criminal Procedure 3.850, e.g. possible violation of Defendant’s Sixth Amendment right to counsel. Any such motion must be filed no later than January 13, 2013.”[5]
II.
On November 7, 2012, Mr. Williams did file a second Rule 3.850 motion, the grant of which occasioned the present appeal by the state. The motion alleged trial counsel had been ineffective for failure to move before trial to dismiss the aggravated battery charge and seek immunity under the “Stand Your Ground Law.” The motion argued Mr. Williams was prejudiced by trial counsel’s failure to file the motion prior to trial “given that the motion to dismiss was later filed and granted as to the homicide charge, after the Aggravated Battery charge had already been affirmed on direct appeal.”
Here, as below, the state argues there were tactical reasons not to seek a pretrial determination of immunity: Trial counsel had once said that the primary reason for not filing a pretrial immunity motion was to avoid disclosing its theory of defense. But the trial court rejected this putative strategy — failing to file a “winnable” motion for immunity from prosecution in order to “surprise” the prosecution at trial with testimony (from state witnesses) that had already been fully developed on deposition — as implausible and below professional standards.[6] The trial court did not, however, conduct an evidentiary hearing.
On December 13, 2012, Judge Skinner, determining trial counsel had rendered ineffective assistance of counsel, granted the Rule 3.850 motion and ordered a new trial on aggravated battery. The order stated that “if not for the fact that the case was reversed and remanded solely on the Second Degree Murder conviction, the practical effect of the Court’s order granting Mr. Williams’ immunity motion would have been to nullify Mr. Williams’ Aggravated *894 Battery conviction as well.” The order continued, stating that
the law regarding the proper procedure for handling pre-trial immunity motions ... in the First District was crystal clear pursuant to the First DCA’s decision in Peterson v. State, 983 So.2d [27,] 29 (Fla. 1st DCA 2008).... While accepting that there may be strategic decisions not to file a preliminary motion, the Court does not believe these asserted strategies outweigh the substantial benefit afforded to a defendant by filing a preliminary motion for immunity under Florida’s Stand-Your-Ground law.... [T]he preliminary hearing gives defendant an additional opportunity to avoid a conviction prior to going to trial. Moreover, the burden of proof at a preliminary hearing is lower for defendants, who need only “a preponderance of the evidence” to prove their claim of immunity.
The order concluded that the failure to file a pretrial motion seeking immunity under the Stand Your Ground Law appeared to be the result of oversight and inattention rather than any strategic or tactical decision. Based on the later decision granting the Stand Your Ground motion and dismissing the second-degree murder charge, Judge Skinner ruled it could not be said that Mr. Williams was not prejudiced in the aggravated battery case by trial counsel’s failure to file the motion prior to trial.
III.
“Under Strickland, a defendant is prejudiced by his counsel’s deficient performance if ‘there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.’” Porter v. McCollum, 558 U.S. 30, 40, 130 S.Ct. 447, 175 L.Ed.2d 398 (2009) (quoting Strickland v. Washington, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). “A reasonable probability is a probability sufficient to undermine confidence in the outcome.” Strickland, 466 U.S. at 694, 104 S.Ct. 2052. Here, the prejudice prong[7] is satisfied as a matter of law, given that the “Stand Your Ground” motion filed before retrial of the murder charge proved dispositive on that count.
*895 In Judge Skinner’s words, “the practical effect of the Court’s Order granting Mr. Williams’ immunity motion would have been to nullify Mr. Williams’ Aggravated Battery conviction as well” if not for the fact that the case had been reversed and remanded solely as to the second-degree murder conviction. The state has never contended that Ms. Johns’ flesh wound from ricocheting shrapnel evinced anything other than Mr. Williams’ intent to fell Mr. Pickett. In short, Mr. Williams established a reasonable probability, sufficient to undermine confidence in the outcome of the aggravated battery prosecution, that, but for counsel’s failure to file a pretrial motion for immunity, the result of the proceeding would have been different.[8]
IV.
The state is not precluded by the failure to appeal the grant of immunity on the murder charge, however, from litigating whether trial counsel rendered deficient performance of the kind required to satisfy the second prong of an ineffective assistance claim. There are, to be sure, portions of the record[9] that fully support the trial court’s conclusion that trial counsel’s “failure to raise the preliminary immunity motion appears to be the result of oversight and inattention rather than any strategic decision.”
We have no quarrel with the trial court’s analysis of the status of the “Stand Your Ground Law” at the time of trial, and understand its refusal to accept trial counsel’s misstatement of the law then in effect. On the present record, indeed, we well understand the trial court’s skepticism about trial counsel’s stated reasons for failure to file a motion to dismiss the charges prior to trial. See Butler v. State, 84 So.3d 419, 421 (Fla. 5th DCA 2012) (“It is well established, in a number of contexts, that ‘a tactical or strategic decision is unreasonable if it is based on a failure to understand the law.’” (citation omitted)). We therefore reject the state’s arguments that the record establishes that trial counsel’s decision not to file a “Stand Your Ground” immunity motion was “a reasoned, reasonable and strategic one,” and that the order on appeal should be reversed and remand *896 ed with directions to deny the motion for postconviction relief.
But, particularly in light of representations by trial counsel,[10] the state is entitled to an evidentiary hearing on the narrow issue of whether failing to file a motion for immunity pretrial under the “Stand Your Ground Law” amounted to deficient performance. See Jackson v. State, 789 So.2d 1218, 1220 (Fla. 1st DCA 2001) (“As this court has explained, ‘the determination of whether defense counsel’s actions were tactical is a conclusion best made by the trial judge following an evi-dentiary hearing.’ ” (quoting Rosemond v. State, 634 So.2d 259, 260 (Fla. 1st DCA 1994))). See also Jacobs v. State, 880 So.2d 548, 551 (Fla.2004). The state — like the defendant, when the shoe is on the other foot — is entitled to an evidentiary hearing on whether trial counsel’s performance was constitutionally deficient. See State v. De Armas, 988 So.2d 156, 158 (Fla. 3d DCA 2008) (reversing the order granting a 3.850 motion because the “State was entitled to ... an evidentiary hearing to test De Armas’s eligibility to withdraw his plea” based on trial counsel’s alleged failure to properly warn of possible immigration consequences of his plea); State v. Vega, 983 So.2d 748, 749 (Fla. 3d DCA 2008) (holding the trial court “should have held an evidentiary hearing” on the assertion in a Rule 3.850 motion that Vega was not informed of deportation consequences of his plea and noting that an “evidentiary hearing would allow the trial court to evaluate the State’s evidence”); State v. Holmes, 929 So.2d 719, 720-21 (Fla. 5th DCA 2006) (“Because it is possible that counsel’s decision not to request instruction on the lesser offense of voluntary manslaughter was a valid strategic decision, the trial judge should have at least afforded the State an opportunity to challenge Holmes’ allegations at an evidentiary hearing.”); State v. Watson, 921 So.2d 774, 775 (Fla. 4th DCA 2006) (“Without an evidentiary hearing, there is no evidence that Watson’s counsel’s failure to object to the seating of the jurors in question was not a strategic decision on his part.”).
Before determining whether or not trial counsel’s decision to forgo an immunity hearing was a genuine strategic decision and whether the decision “fell below an objective standard of reasonableness” as measured under prevailing professional norms, see Strickland, 466 U.S. at 688, 104 S.Ct. 2052, the trial court should conduct an evidentiary hearing.
V.
Because the state was entitled to and in fact asked for an evidentiary hearing on the question whether trial counsel’s failure to file a pretrial motion seeking “Stand Your Ground” immunity from prosecution for aggravated battery fell below the standards for effective assistance of counsel, the order on appeal is vacated, and the matter is remanded with directions that an *897 evidentiary hearing on the question be held.
Vacated and remanded.
THOMAS and CLARK, JJ., concur.

. Mr. Williams also argued on direct appeal that he was entitled to a new trial on the charge of aggravated battery because the state's circumstantial evidence was legally insufficient to rebut his hypothesis that Ms. Johns was struck by a shot fired by someone else.

.Sometimes referred to as the "Stand Your Ground Law,” section 776.032(1), Florida Statutes (2007), provides that a "person who uses force as permitted in s. 776.012, s. 776.013, or s. 776.031 is justified in using such force and is immune from criminal prosecution and civil action for the use of such force, unless the person against whom force was used is a law enforcement officer ... who was acting in the performance of his or her official duties and the officer identified himself or herself in accordance with any applicable law or the person using force knew or reasonably should have known that the person was a law enforcement officer.”

. Mr. Williams also presented testimony suggesting he responded to an initial gunshot fired by someone else.

. Judge Skinner found it noteworthy, in the order on appeal, that a review of the "Court’s Order Granting Defendant’s 'Motion for Determination of Immunity from Prosecution and Motion to Dismiss’ reflects a substantial amount of inconsistencies in the State witnesses' own accounts of the events that evening, as well as substantial inconsistencies between the physical evidence and the testimony.”

. Mr. Williams filed first a motion for reconsideration, then a notice of appeal, before the trial court ruled on the motion for reconsideration. On October 12, 2012, Mr. Williams’ appointed counsel filed a notice of voluntary dismissal of the appeal of the denial of the first Rule 3.850 motion, and a motion requesting this court relinquish jurisdiction. We denied the motion, ruling that pendency of the earlier appeal did not divest the trial court of jurisdiction to consider a postconviction motion raising new grounds.
On December 17, 2012, Mr. Williams’ appointed counsel filed a second notice of voluntary dismissal of the appeal of the order denying the initial Rule 3.850 motion, based on the order granting the second postconviction motion. We dismissed the appeal from the order on the first motion on December 19, 2012. On the same date, Mr. Williams filed a motion in the trial court to dismiss the aggravated battery charge based on immunity pursuant to section 776.032, Florida Statutes (2007), and Florida Rule of Criminal Procedure 3.190(b).

. The state also argued that, when trial counsel moved for judgment of acquittal at the close of the state's case-in-chief on the basis of self-defense and the Stand Your Ground Law, Judge Wilkes denied the motion, and the fact that Judge Skinner “came to a different conclusion and perceived the evidence and testimony of the witnesses differently than the judge and jury did in the prior trial d[id] not in and of itself create prejudice under Strickland [v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)] nor d[id] it show counsel's performance was deficient.”

. On the authority of the United States Supreme Court’s decision in Strickland, 466 U.S. at 694, 104 S.Ct. 2052, the Florida Supreme Court has held that for an ineffective assistance of counsel claim to be successful, two requirements must be met.
First, the defendant must establish that counsel’s performance was deficient. Second, the defendant must establish that counsel's deficient performance prejudiced him or her.
To establish deficiency under Strickland, the defendant must prove that counsel’s performance was unreasonable under "prevailing professional norms.” To establish prejudice, the defendant must prove that "there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.”...
There is a strong presumption that the performance of trial counsel was not ineffective. To fairly assess attorney performance, every effort must be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of the challenged conduct, and to evaluate the conduct from the perspective of counsel at the time. The defendant bears the burden to "overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' ”
Floyd v. State, 18 So.3d 432, 443 (Fla.2009) (citations omitted). See also Occhicone v. State, 768 So.2d 1037, 1048 (Fla.2000) ("[Sjtrategic decisions do not constitute ineffective assistance of counsel if alternative courses have been considered and rejected and counsel’s decision was reasonable under the norms of professional conduct.”).

. The ruling that Mr. Williams was prejudiced with regard to the aggravated battery charge is thus off the table, as a matter of law, although we need not go so far as to invoke the doctrine of collateral estoppel. See State v. McBride, 848 So.2d 287, 290-91 (Fla.2003) ("Collateral estoppel is a judicial doctrine which in general terms prevents identical parties from relitigating the same issues that have already been decided. Under Florida law, collateral estoppel, or issue preclusion, applies when the identical issue has been litigated between the same parties or their privies. In addition, the particular matter must be fully litigated and determined in a contest that results in a final decision of a court of competent jurisdiction. Although collateral estoppel generally precludes relitigation of an issue in a subsequent but separate cause of action, its intent, which is to prevent parties from rearguing the same issues that have been decided between them, applies in the postconviction context.” (internal quotations & citations omitted)).

. In closing argument at the November 2011 immunity hearing, trial counsel indicated he tended not to believe Mr. Williams’ statement that someone first shot at him until he later "started going through the witness statements.” Although trial counsel referred to the "newness” of the law, section 776.032 was enacted in 2005-four years before Mr. Williams' trial. While trial counsel stated there was an “utter lack of case law on the matter,” Judge Skinner correctly observed that at the time of Mr. Williams’ trial, the law in the First District regarding the proper procedure for handling pre-trial immunity motions "was crystal clear” pursuant to Peterson v. State, 983 So.2d 27, 29 (Fla. 1st DCA 2008) (holding that the trial court may not deny a pretrial motion for immunity simply because factual disputes exist).

. At the beginning of the August 2011 hearing on the motion for immunity, defense counsel stated: "We would like the court to at least consider it [the motion] in that the strategic — last time not just bringing it up because we wanted to bolster our defense. We were going to proceed to trial. But now that the cat’s out of the bag, so to speak, we desire to have this motion heard by Your Honor.”
In a motion for reconsideration of the order denying the initial 3.850 motion, trial counsel stated: "To reiterate, the reason for not raising initially was strategic: the newness of the Stand Your Ground Law, the utter lack of case law on the matter, and, most importantly, to avoid divulging the defense.” See Lawrence v. State, 969 So.2d 294, 309 (Fla.2007) ("Strategic decisions do not constitute ineffective assistance if alternative courses of action have been considered and rejected and counsel’s decision was reasonable under the norms of professional conduct.”).